ELIZABETH S. BALLOU *vs.* ROBERT J. FITZPATRICK.

Worcester.    September 27, 1932. — June 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Practice, Civil,* Auditor: trial on report only; Findings by judge; Rule 88 of the Superior Court (1932). *Evidence,* Presumptions and burden of proof, Inference. *Agency,* What constitutes. *Husband and Wife. Negligence,* Motor vehicle, Contributory, Of agent.

After the filing of the report of an auditor to whom an action has been referred by a rule containing no provision that his findings of fact should be final, it is contemplated under Rule 88 of the Superior Court (1932) that there shall be a trial or hearing without jury of the action upon the report as the only evidence where the parties have not reserved the right to introduce further evidence and each party has filed a motion for judgment in his favor on the report.

Although the auditor's report at a trial or hearing in the circumstances above described is *prima facie* evidence and cannot be disbelieved, it must be weighed like other evidence by the jury or judge, and, if the facts stated therein warrant more than one inference, the jury or judge may draw whichever one seems the more reasonable.

A general finding rendered at such a trial or hearing imports the drawing of all rational inferences and the finding of all subsidiary facts, tending to support that conclusion, of which the case is susceptible.

Findings, that an automobile was owned by a married woman living with her husband, both of them being licensed operators of motor

vehicles; and that the husband was operating the automobile on a certain evening while they were returning home together after having visited friends, the wife sitting at his right on the front seat, warranted an inference that he was acting as her agent in operating the automobile on that journey.

A collision having occurred, during the journey above described, between the woman's automobile and another motor vehicle by reason of negligence on the part of both the woman's husband and the operator of the other motor vehicle, if the inference were drawn that the husband was acting as his wife's agent, she would be barred by his negligence from maintaining an action for personal injuries and damage to her automobile against the other operator, although it appeared that she was constantly looking out for her own safety during the journey.

TORT. Writ dated February 4, 1931.

In the Superior Court, the action was referred to an auditor, and afterwards was heard by *Lummus*, J., without a jury, as described in the opinion. Material facts are stated in the opinion. The judge allowed a motion by the defendant for judgment in his favor upon the auditor's report and denied a similar motion by the plaintiff. The plaintiff alleged exceptions.

*C. W. Proctor*, for the plaintiff.

*E. Burwick*, (*C. M. Burwick* with him,) for the defendant.

RUGG, C.J. This is an action of tort wherein the plaintiff seeks to recover compensation for personal injuries and for damage to property resulting from a collision between her automobile driven by her husband and an automobile driven by the defendant. The case was referred to an auditor without provision that his findings of fact should be final. See *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147. Parties did not avail themselves of trial by jury. The case was marked for hearing at a jury-waived session of the court. No reservation was made by either party of the right to introduce further evidence. No evidence except the report of the auditor was introduced. Each party filed a motion for the entry of a favorable judgment on the auditor's report. All this was in conformity to Rule 88 of the Superior Court (1932), which differs in material particulars from the preëxisting rule touching motion for judgment on an auditor's report. What was said concerning such a motion under Common Law Rule 31 of the Superior

Court (1915) in *Wheeler* v. *Tarullo*, 237 Mass. 306, 309–310, is no longer applicable. Under the present rule a trial before a judge upon the report of the auditor as the only evidence is contemplated. See *Fisher* v. *Drew*, 247 Mass. 178, 180. Rule 88 of the Superior Court (1932) Annotated, page 273. An auditor's report is *prima facie* evidence upon such matters as are embraced in the order of reference. G. L. (Ter. Ed.) c. 221, § 56. When it is the only evidence introduced, it cannot be disbelieved as may the uncontradicted evidence of a witness; it warrants and may even require a judgment in accordance with its conclusion. *Wakefield* v. *American Surety Co. of New York*, 209 Mass. 173, 176. *Barrell* v. *Paine*, 236 Mass. 157, 162. *Lovell* v. *Commonwealth Thread Co.* 280 Mass. 243. An auditor's report, however, must be weighed like other evidence when a case is tried upon that report alone without other evidence. Circumstances and facts may be set forth in the report susceptible of supporting a different final conclusion from that reached by the auditor. Where facts appear on the face of the report warranting more than one inference, it is open to the trial judge or to the jury to draw whichever one appears the more reasonable. *Fisher* v. *Doe*, 204 Mass. 34, 41. The question of law presented by the plaintiff's exceptions, therefore, is whether the trial judge, on a hearing restricted to the report of the auditor as the only evidence, committed reversible error in refusing to enter judgment in favor of the plaintiff and in ordering judgment for the defendant.

The facts disclosed in the auditor's report are that the plaintiff was the owner of an automobile registered in her name. She lived with her husband, both were licensed operators of motor vehicles, and he had permission to use her automobile when she was not using it. On the evening in question, after visiting friends, they started to return home in her automobile, the husband operating it and the plaintiff sitting at his right on the front seat. She made no comment during the journey respecting the driving of the automobile because she felt satisfied that it was being operated in a careful manner, but she was constantly looking out for her own safety. On reaching intersecting streets,

he made a left turn at a speed of twenty miles per hour but failed to pass to the right of the center of intersection. Prior to reaching the intersection, both the plaintiff and her husband observed an automobile (driven by the defendant) approaching from the opposite direction, which, at the time the husband started to make the left hand turn, was about the same distance from the intersection as were the plaintiff and her husband. The speed of the automobile driven by the defendant was about twenty miles per hour and it continued at that speed after reaching the intersection. The automobiles came into collision, causing damage to both automobiles and personal injuries to the plaintiff. The collision was due to the negligence of the defendant, and the husband of the plaintiff was negligent and his negligence contributed to the accident.

The general finding of the trial judge rendered upon an auditor's report as the sole evidence imports the drawing of all rational inferences and the finding of all subsidiary facts tending to support that conclusion of which the case is susceptible. *Standard Oil Co. of New York* v. *Malaguti*, 269 Mass. 126, 129. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 153. The facts set out in the auditor's report and already summarized were sufficient to warrant an inference that the husband of the plaintiff was acting as her agent on the night in question in operating her automobile. It is not necessary to elaborate this because it is in our opinion amply covered in principle by numerous authorities. *Bourne* v. *Whitman*, 209 Mass. 155, 173. *Popkin* v. *Goldman*, 266 Mass. 531, 536. *Harlow* v. *Sinman*, 241 Mass. 462. *Campbell* v. *Arnold*, 219 Mass. 160. *Nash* v. *Lang*, 268 Mass. 407, 410. *Groce* v. *First National Stores Inc.* 268 Mass. 210, 213. *Goldstein* v. *Slutsky*, 254 Mass. 501, 505. *H. C. Girard Co.* v. *Lamoureux*, 227 Mass. 277, 280. See *Wheeler* v. *Darmochwat*, 280 Mass. 553. If the relation of principal and agent was found by inference to exist between the plaintiff and her husband, then she could not rightly recover, because his negligence contributed to her injury: the principal cannot recover compensation for injury caused in part by the defendant, to

which her agent's negligence has contributed. *Shultz* v. *Old Colony Street Railway,* 193 Mass. 309, 322–323. *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262, 265–266. *Crawford* v. *McElhinney,* 171 Iowa, 606, 617–619. *Allen* v. *Holler,* 199 App. Div. (N. Y.) 750. *Wisconsin & Arkansas Lumber Co.* v. *Brady,* 157 Ark. 449, 455.

It cannot rightly be held on. this record that there was error of law in entering judgment for the defendant. It becomes unnecessary to discuss the other points argued.

*Exceptions overruled.*