ELIZABETH FOLEY *vs.* ANDREW C. HURLEY.

Bristol.    October 23, 1933. — November 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Motor Vehicle*, Operation. *Agency*, Existence of relation. *Parent and Child.*

When the owner of an automobile is riding in it while another is driving, an inference is warranted, in the absence of controlling evidence to the contrary, that the owner retains the right to control its operation, especially when the operator is a minor child of the owner.

Evidence, that a mother, the owner of an automobile, gave her minor son permission to drive it to a school where the son was to attend classes, that she accompanied him on the journey in order to drive the automobile back to her home and rode on the front seat beside him, and that she gave him no directions as to the operation of the automobile or the route to be followed, warranted a finding that she retained the right to control the operation of the automobile during the journey, although she did not actually exercise control; and consequently a further finding, that the son was her agent in operating the automobile during the journey, was warranted.

TORT. Writ in the Third District Court of Bristol dated October 21, 1931.

The action was heard in the District Court by *Doran*, J. Material evidence and findings by the judge are stated in the opinion. He found for the defendant. A report to the Appellate Division for the Southern District was dismissed. The plaintiff appealed.

The case was submitted on briefs.

*F. Vera & A. P. Doyle*, for the plaintiff.

*T. F. O'Brien*, for the defendant.

DONAHUE, J. The plaintiff was riding on the front seat of her automobile beside her minor son who was operating it when it came into collision with the automobile of the defendant. She seeks to recover in this action for personal injuries and for damage to her automobile. The case was tried in the Third District Court of Bristol. There was evidence that at the time of the collision the plaintiff and

her son were on their way to the New Bedford High School where the son was to attend classes, that the son had permission to use the automobile for the purpose of going to the school, that the plaintiff went for the purpose of driving the automobile back to her home and that she gave her son no directions or instructions as to his operation of the automobile or the route he was to follow.

The trial judge found that the plaintiff's son and the defendant were both negligent and the propriety of those findings is not now questioned. He also found as a fact that her son was the agent of the plaintiff, that she had the right to control the operation of the automobile and that its operation at the time of the collision was in furtherance of a purpose in which the plaintiff was an interested party. He found for the defendant. The Appellate Division ordered a report dismissed.

The essential question here presented is whether the finding that the plaintiff's son was her agent in the operation of her automobile was warranted by the evidence. If he was, the fact that he was operating negligently at the time of the collision would bar the plaintiff's recovery from the defendant. *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262, 266.

The only evidence as to the reason why the son was operating the automobile was that he had his mother's permission to use it for the purpose of going to the school. This did not require the trial judge to find that there was a loan or a bailment of the automobile or other arrangement whereby the mother gave up the right to control the operation of the vehicle on the trip from their home to the school. The permission given as it appears in the record was not to use the automobile generally or when the mother was not present. We do not think it can be said that the trial judge was not warranted in finding that, so far as anything was said about the son's use of the vehicle on the day in question, it amounted to no more than the giving of permission to the son to drive to the school with the mother riding in it with him.

Ownership of an automobile gives its owner the right to

control its operation. He may temporarily part with that right by making a loan or a bailment of the vehicle or by a surrender or abandonment of the right to control its operation. It was here a question of fact whether or not the plaintiff retained the right to control the operation of the automobile while it was being. driven to the school by her son. The fact that she gave no directions as to its operation or as to the route does not have a controlling influence in deciding that question. There is nothing to show that up to the time the collision was imminent any circumstances appeared which called for her exercise of the power of control. The test of the existence of the relationship of principal and agent is the right to control and not the actual exercise of control by the principal. *Khoury* v. *Edison Electric Illuminating. Co.* 265 Mass. 236, 238. *Reardon* v. *Coleman Bros. Inc.* 277 Mass. 319, 322. *Marsh* v. *Beraldi*, 260 Mass. 225, 231. We think that the trial judge was here justified in finding as a fact that the right of the plaintiff, as owner, to control the operation of her automobile had not been given up by her. When the owner of an automobile is riding in it while another is driving, in the absence of controlling evidence to the contrary, the inference is warranted that the owner has retained the right to control its operation. *Wheeler* v. *Darmochwat*, 280 Mass. 553, 557–558, and cases cited. *Commonwealth* v. *Sherman*, 191 Mass. 439. *Gochee* v. *Wagner*, 257 N. Y. 344. *Smith* v. *Wells*, 326 Mo. 525. There was not here such contrary evidence as to prevent the trial judge's drawing that inference, which was aided by the fact of the relationship of parent and minor child. *Peabody* v. *Haverhill, Georgetown & Danvers Street Railway*, 200 Mass. 277, 280.

The finding that the plaintiff's son was her agent in the operation of the automobile at the time of the collision with the further finding that he was negligent required the finding for the defendant.

*Order dismissing report affirmed.*