ROSE GUY *vs.* UNION STREET RAILWAY COMPANY.

Bristol.    October 22, 1934. — January 9, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Imputed, Street railway, Motor vehicle, In use of way. *Agency,* What constitutes. *Motor Vehicle,* Operation. *Evidence,* Competency, To affect credibility of witness. *Witness,* Credibility.

At the trial of an action by a woman for personal injuries and damage to her automobile resulting from a collision between it and a street car at a time when the plaintiff was riding in the automobile and it was being operated by her husband, it appeared that the husband was taking the plaintiff to a certain place for her purposes and that he thereafter was to use the automobile for his business. The trial judge excluded evidence offered by the plaintiff that she had lent the automobile to her husband generally for use in his business and that, on the occasion in question and on previous occasions when she had ridden therein with him, she did not "manifest any control over" him as to its operation. *Held,* that

(1) The plaintiff, because of her ownership of the automobile and her presence therein, was *prima facie* in control of its operation on the occasion.in question;

(2) The mere fact that the plaintiff did not actually exercise control did not warrant a finding that she had abandoned her right of control;

(3) The evidence offered by the plaintiff was insufficient to overcome the *prima facie* evidence that she was in control on the occasion in question, and did not warrant a finding that her husband was not her agent in operating the automobile on that occasion; and the evidence so offered was excluded properly;

(4) There was no error in the admission of evidence to show that the husband was negligent, nor in instructions to the jury that, if he was negligent, his negligence was to be imputed to the plaintiff.

At the trial of the action above described, a witness for the defendant testified on direct examination concerning certain statements made by the plaintiff's husband about the accident, which testimony was introduced by the defendant to contradict testimony previously given by the husband. On cross-examination of the witness, the trial judge excluded testimony to show that the husband had made a certain further statement to the witness. The plaintiff contended that the testimony excluded was admissible for the purpose of showing that the statements of the husband, taken as a whole, did not contradict his testimony. *Held*, that no error appeared.

In the circumstances, there was no error, in the course of the redirect examination of a witness, in the admission of a statement in writing given by the witness to the party offering it, who called the witness, where the jury were permitted to consider the statement only upon the question of the witness's credibility and not as evidence of the truth of the facts therein set forth.

Certain instructions to the jury at the trial of an action for damage resulting from a collision between an automobile and a street car at the intersection of two streets, which dealt with the subject of the conduct of the respective operators when confronted by a sudden emergency, were *held* to have been adequate.

TORT. Writ dated June 14, 1930.

The action was tried in the Superior Court before *Walsh*, J. Material evidence is stated in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

Material portions of the judge's charge on the subject of sudden emergency were as follows:

"Now, we have again the rule here of a sudden emergency. If a person is confronted with a sudden emergency, he is required to use the care of the ordinarily prudent person situated as he was at the time of the emergency. But if his own negligence created the emergency, if through

some negligence on his own part he got into that situation which resulted in an emergency suddenly arising, then the mere fact that when he was confronted with an emergency he acted as the ordinarily prudent person would have acted, that will not absolve him from his negligent conduct in creating or tending to produce the emergency. . . .

"Well, it is for you to say whether that applies to either of the operators of these vehicles, the street car operated by the motorman or Mr. Guy operating the automobile. . . .

"And further with respect to the action of a person in an emergency, you have a right to take into consideration that a person has but a very short time to form a judgment and then, after having formed it, to put it into execution, and if he acts as the ordinarily prudent person would have acted in the space of time given for forming a judgment and executing it, that is sufficient, notwithstanding that, when the thing is all over and there is time for reflection, the conclusion that if he had done something else the consequences might have been avoided would be reached; but notwithstanding the fact that he may have acted carefully in the emergency, that will not absolve or excuse him for prior negligence which tended to create or give rise to the emergency. That applies, as I before said, to the conduct of each of these operators, the motorman on the street car and Mr. Guy operating the motor vehicle."

The case was submitted on briefs.

*H. W. Radovsky & I. H. Simon*, for the plaintiff.

*T. F. O'Brien & S. E. Bentley*, for the defendant.

PIERCE, J.  This is an action of tort to recover for personal injuries sustained by the plaintiff as a result of the alleged negligent operation of one of the defendant's street cars which came in collision with the plaintiff's automobile on July 3, 1929, in the town of Fairhaven, Massachusetts. The defendant answered general denial and contributory negligence.

The case was tried to a jury and there was a verdict for the defendant. It is before this court on the plaintiff's exceptions to the portions of the judge's charge that (a) imputed the negligence of the plaintiff's husband to her,

(b) related to sudden emergency, and (c) in substance gave the defendant's requests numbered 1 and 2 *; and also exceptions to certain rulings as to the admission of evidence, which are hereinafter stated.

The accident happened at the corner of Main Street and Linden Avenue in said town of Fairhaven. Main Street runs north and south, is about twenty-three feet wide with a set of car tracks in the middle of it. Linden Avenue runs east and west but does not cross Main Street and is twenty-seven feet in width. On July 3, 1929, the plaintiff owned a registered automobile, in which she was riding at the time of the accident and which her husband then was driving. Immediately preceding the accident they were riding westerly on Linden Avenue at a speed of about ten or fifteen miles an hour. At the intersection of the street and avenue the plaintiff and her husband saw a street car coming south from their right, about fifty feet away. The husband made a turn into Main Street and went south. When the automobile was about twenty feet south of the south line of the avenue it was struck by the street car, the impact driving it across the street and onto the westerly sidewalk, then southerly along the sidewalk, across Winslow Court, and head on against a pole at the corner of Winslow Court and Main Street.

The husband of the plaintiff testified that in July, 1929, when the accident happened, he was a dry goods peddler; that on this particular afternoon he was going out for business and his wife asked him to take her to her sister's house. The judge in his charge stated, without objection, that the automobile was owned by Mrs. Guy, and her husband was driving her on this particular day over to town, or to New Bedford, where she was to make a call or do some errands; and he instructed the jury that in the circumstances he had described "if Mr. Guy was negligent and his negligence

---

* "1. Where a witness, having made inconsistent statements as to her knowledge of the accident, finally adopts as the truth one of those statements, the witness is bound by the statement as last given as the truth. 2. When a witness, after making inconsistent statements, finally adopts as the truth one of those statements, then the statement of facts which she adopts as the truth becomes evidence of the facts."

contributed to the accident, then Mrs. Guy cannot recover. The negligence of her husband in driving her upon this occasion would preclude her from recovering." Forecasting that the quoted instructions might be given if the facts stated by the judge were uncontrolled by other evidence, the plaintiff "offered to show that this automobile was loaned to the plaintiff's husband for his business and always had been used by him in his business." She also offered to show that on that afternoon her husband was using the automobile for his business, but on the way to his business at her request he was taking her to her sister's. Subject to the plaintiff's exceptions these offers of proof were excluded. The plaintiff then testified that she had been out in the automobile with her husband on prior occasions, and she offered "to show that on this occasion as well as on any other occasion at no time did the plaintiff manifest any control over her husband, either in the car or out of the car, as to its operation." This offer of proof was also excluded, subject to the plaintiff's exception.

It is plain that the automobile was driven from the house of the plaintiff by her husband at her request, and equally plain that it was not used by her husband or intended by the plaintiff that it should be used in his business until after the plaintiff had been taken to her sister's house. It is conceivable that the plaintiff, although present in her registered automobile, could have divested herself of all right to operate it or to control its operation by her husband. *Corliss* v. *Keown,* 207 Mass. 149, 150. *Wheeler* v. *Darmochwat,* 280 Mass. 553, 558. But the fact alone that she did not exercise control would not be sufficient to show abandonment of control. *Foley* v. *Hurley,* 288 Mass. 354. Here the offer of proof went only so far as to show, if the evidence supporting it were believed, that the plaintiff on other occasions, as well as on the instant occasion, had not manifested any control over her husband, either in the automobile or out of it, as to its operation. It is plain that the offer of proof would not warrant an affirmative finding that the husband was not the agent of the plaintiff while the automobile was being used in the sole interest of the plaintiff. *Ballou* v.

*Fitzpatrick*, 283 Mass. 336. The evidence of the plaintiff offered to prove surrender of control did not, if believed, overcome the *prima facie* case of control retained by the plaintiff by virtue of her ownership of the automobile. *Campbell* v. *Arnold*, 219 Mass. 160, 162. It is not necessary that there be an actual control by the owner to make the operator a servant or agent of the owner, it being sufficient that there is a right to control. *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236, 238. The fact, if proved, that the plaintiff had lent her automobile generally to her husband for use in his business did not preclude a finding by the jury, or a ruling by the judge, that he was the agent or servant of the plaintiff on the particular drive to the house of the plaintiff's sister in New Bedford. *Ballou* v. *Fitzpatrick*, 283 Mass. 336, 339. The offer of proof did not go far enough to warrant a finding of the plaintiff's relinquishing control as owner, and was excluded rightly for that reason. It follows that if the husband was negligent and the plaintiff was present and riding in the automobile at the time of the accident, his negligence is imputed to the plaintiff and she cannot recover. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 322–323. *Ballou* v. *Fitzpatrick*, 283 Mass. 336, 339, 340.

The defendant contends in its brief that the plaintiff was negligent because of her husband's conduct in driving the automobile. The evidence of the husband's negligence was ample to support a finding to that effect and the issue of his negligence is not discussed in the plaintiff's brief. There was no error in the admission of the evidence bearing upon the issue whether the husband looked and what he saw when he looked, if he did, as the automobile approached Main Street. *Robinson* v. *Old Colony Street Railway*, 189 Mass. 594, 596.

An inspector called by the defendant testified on direct examination to certain statements made by the plaintiff's husband concerning the accident. These statements were offered to contradict testimony previously given by the husband. On cross-examination, the inspector was asked whether the husband had told him that he (the husband)

"was turning the corner at ten miles an hour." The witness answered in the affirmative. Upon objection by the defendant, the question and answer were excluded, subject to the plaintiff's exception. The plaintiff contended that the testimony excluded was admissible for the purpose of showing that the statements by the husband, taken as a whole, did not contradict his testimony. There was no error in the exclusion of the testimony.

For the reason that there was no offer of proof, the plaintiff's exception to the exclusion of the question asked the inspector in cross-examination, "Don't you know that he [the husband] told Chief Francis that the automobile [street car?] was some distance up the road when he entered the intersection?" must be overruled. *Lee* v. *Tarplin*, 183 Mass. 52, 54.

A witness called by the defendant, after testifying as to the accident, was asked on redirect examination, subject to the plaintiff's exception, whether she had made a statement that the plaintiff's automobile had cut the corner directly in front of the street car. She said that she thought she had. The defendant was then permitted to introduce a written statement (Exhibit 5), subject to the plaintiff's exception. This exhibit was admitted in evidence to contradict previous testimony by the witness and was received in evidence, after consultation at the bench, with the following statement: "THE COURT: It may be marked Exhibit 5. These two statements are introduced not as evidence of the facts set forth therein, but only as statements alleged to have been made by the witness at some other time, and are to be considered only upon the question of the credibility of the witness. The statements contained therein, the statements referring to certain facts, are not evidence of the truth of these facts."

The charge as to "sudden emergency" was adequate.

We find no reversible error in the conduct of the trial or in the judge's charge.

*Exceptions overruled.*