MARGARET LEVANGIE *vs.* WALTER E. GUTTERSON.

JOHN N. LEVANGIE *vs.* SAME.

Norfolk.　　November 6, December 4, 1933. — January 29, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Imputed.　*Motor Vehicle,* Operation.　*Parent and Child.* *Practice, Civil,* Charge to jury, Exceptions.

A mother, owner of an automobile but not licensed to operate automobiles, was riding in it beside her minor son, who was a licensed operator and was operating it, when it collided with another automobile due to negligence on the part of both operators. The mother was in the exercise of due care. She paid for the gasoline. Nothing had been said by either the mother or the son as to where they should go, and no direction was given by the mother as to how the son should drive the automobile; it was to be a pleasure ride such as they had frequently taken before, and was taken as much for the benefit of one as of the other. At the trial of an action for personal injuries by the mother against the operator of the second automobile, the judge charged the jury in effect that, if they found the existence of certain conditions, including joint control of the operation of the automobile, the son having actual control of the wheel and the plaintiff having potential control, a finding would be warranted that the plaintiff and the son were engaged in a joint enterprise at the time of the collision, in which case the plaintiff would be bound by the son's negligence. It did not appear that any requests for rulings were made by the plaintiff, who excepted merely to what the judge said in his charge "in regard to joint enterprise." No suggestion was made that any part of the charge should be amplified. There was a verdict for the defendant. *Held,* that

(1) The fact that the plaintiff was riding in her own automobile while her son was operating it was enough, standing alone, to warrant a finding that she retained the right, arising from her ownership, to control its operation;

(2) In the circumstances, the instructions as to the necessity of finding a right of control in the plaintiff were not inadequate;

(3) It was not necessary, on the record, to determine whether the doctrine of joint enterprise was applicable or whether the statement in the charge of the necessary elements for its application was erroneous or inadequate, because, if the instructions given were followed, the verdict against the plaintiff must have been based upon a finding that the plaintiff had retained the right to control the operation of the automobile;

(4) Irrespective of the question of joint enterprise, such a finding would bar the plaintiff from recovery in the circumstances;

(5) The charge did not contain error prejudicial to the plaintiff, and the exception must be overruled.

TWO ACTIONS OF TORT. Writs dated September 28, 1928, and October 8, 1928, respectively.

In the Superior Court, the actions were tried together before *Williams*, J. Material evidence and exceptions saved by the plaintiffs are described in the opinion. There were verdicts for the defendant. The plaintiffs alleged exceptions.

*J. M. Russell*, for the plaintiffs, submitted a brief.

*A. G. Sleeper*, for the defendant.

DONAHUE, J. An automobile, owned by the plaintiff in the first action, in which she was riding while it was being operated by her minor son, collided with an automobile owned and operated by the defendant, and the plaintiff was injured. The second action was brought by her husband to recover consequential damages. Where the word plaintiff is hereinafter used the plaintiff in the first action is meant. The cases were tried together in the Superior Court and there were verdicts for the defendant. The only exception taken by the plaintiffs was to what the judge said in his charge "in regard to joint enterprise." No further specification as to the ground of the exception was required by the judge.

The bill of exceptions does not disclose how the accident occurred or recite the evidence bearing on the care of the parties concerned but does state that there was evidence warranting the jury in finding that the defendant and the plaintiff's son were both negligent and that the plaintiff was in the exercise of due care. The evidence appearing in the

record may be summarized as follows: The automobile was owned by the plaintiff and the gasoline it contained at the time of the collision was paid for by her; she did not at the time have a license to operate an automobile; the son, who was seventeen years old and had such a license, asked his mother to go for a ride; she entered the automobile and was sitting beside him at the time of the accident; nothing was said by either as to where they should go and no direction was given by the mother as to how her son should drive the automobile; it was to be a pleasure ride such as they had frequently taken before and was taken in the present instance as much for the benefit of one as of the other.

The portion of the judge's charge which is printed in the record begins: "And there is a third possible relationship . . . where two people go out on what is termed a joint enterprise, where they have a common purpose, where there is concerted action between them, and where they go out with that common purpose and do something jointly . . . ." Although in the absence of the preceding portion of the charge it is not wholly clear, from what is before us we assume that the judge referred to the relationship of principal and agent, since he instructed the jury that the evidence would not warrant the finding that the son was the agent of the mother; and to the relationship of host and guest, since he told the jury that if the mother were the son's guest she would not be bound by his negligent acts. The judge instructed the jury, in substance, that if the evidence of the conversation between the plaintiff and her son before the ride began should be disbelieved and the only evidence of the character of the trip was that they were going out together on a pleasure ride, it might be found that they were engaged in a joint enterprise. He further stated, in substance, that there was a double authority vested in the plaintiff because of her ownership of the automobile and the relationship of mother and son. In effect the jury were instructed that if they were both interested in the purpose of the trip and there was concert of action between them in arranging for the trip, and there was in a sense joint control — the son having actual control of the wheel and the

mother having potential control by reason of ownership of the automobile and the natural relationship between mother and son — a joint enterprise might be found to exist, and if so the plaintiff would be bound by negligent acts of the son in operating the automobile.

The fact that the plaintiff was riding in her own automobile while her son was operating it was enough, standing alone, to warrant the finding that she retained the right, arising from her ownership, to control its operation. *Foley* v. *Hurley*, 288 Mass. 354. *Wheeler* v. *Darmochwat*, 280 Mass. 553, 558. Contrary evidence that she had divested herself of such right might negative that result. *Commonwealth* v. *Sherman*, 191 Mass. 439. *Guy* v. *Union Street Railway, ante*, 225. Reading as a whole the portion of the charge appearing in the record, we are of the opinion that the judge left to the decision of the jury the vital question in the case when he instructed them in effect that it was essential, if the plaintiff was to be held bound by her son's negligent acts, that there be joint control of the operation of the automobile, the son having actual control of the wheel and the mother potential control. No requests for rulings appear to have been filed by the plaintiffs, the exception taken was not directed to a specific part of the instructions which dealt with the matter of control, and no suggestion was made that any part of the charge should be amplified. Under these circumstances we do not think that the instructions as to the necessity of finding a right of control in the plaintiff should be held to be inadequate.

The judge instructed the jury that there was evidence in the case which would warrant the finding that the plaintiff and her son were at the time of collision engaged in a joint enterprise. It was in this connection that the statement with reference to potential control by the plaintiff and actual control by her son was made. But the judge also stated other conditions which must be found to exist before the doctrine of joint enterprise was applicable; such as both being interested in the purpose of the trip and a concert of action in arranging the trip. We do not find it

necessary to decide whether on the evidence the doctrine of joint enterprise was here applicable or whether there was error or inadequacy in the statement of other necessary elements for its application.   If the jury followed the instructions given, a verdict against the plaintiff on this branch of the case could not be found without a finding that the plaintiff retained the right to control the operation of the automobile.   Such a finding, without regard to the matter of joint enterprise, would be fatal to the plaintiff's recovery.   The charge did not contain error prejudicial to the plaintiffs and the exceptions in each case must be overruled.

*Exceptions overruled.*