Wilson, J.
This is an action of tort in which the plaintiff seeks to recover for damages to her automobile and personal injuries sustained by her when her automobile was in collision with a truck owned and operated by the defendant. The defendant’s answer is a general denial and contributory negligence.
There was evidence tending to show that the plaintiff was the owner of the automobile involved in the accident, that it was properly registered in her name, and that she was not licensed to operate motor vehicles. At the time of the accident the plaintiff’s car was being operated by her husband who was properly licensed and authorized to operate said car. The plaintiff’s husband frequently used her car *190 for his own purposes and had her permission for such use whenever he desired. The plaintiff was riding in the rear seat and a friend was riding in the front seat to the right of the operator. The plaintiff and her husband were on their way to Acton to visit a mutual friend.
There was evidence that the plaintiff looked out around and in front of her, and when the collision seemed imminent she raised her arms in an effort to protect herself.
There was evidence to the effect that about one hundred feet before arriving at the point of collision the plaintiff’s car was being operated to the left of the center of the road; that at the point of collision between the course of the plaintiff’s car and the edge of the road there was a large tree extending a short distance into the roadway at a point where the roadway curved sharply to the left, and between the course of the plaintiff’s car and the tree there was not room for another vehicle to pass. It could also be found that the concurring negligence of both the operator of the plaintiff’s car and the defendant was equally responsible for the collision.
The plaintiff seasonably presented certain requests for rulings. The first request was properly denied. It did not contain the specification required by District Court Rules (1932) XXVII. Reid v. Doherty, 273 Mass. 388. Duralith Corp. v. Leonard, 274 Mass. 397, 400. Wainwright v. Jackson, Mass Adv. Sh. (1935) 1405, 1406. Holton v. American Pastry Products Corp., 274 Mass. 268, 271. Mericantante v. Boston & Maine Railroad, Mass. Adv. Sh. (1935) 1613,1614.
The plaintiff waived all claim of error arising from the denial of her third request and arising from the allowance of the defendant’s third, fifth and sixth requests.
The plaintiff’s second request was denied “not-in accordanee with facts found.” It does not appear from the report that the trial court made any specific findings of fact *191 regarding the violation of any statute by the defendant. This method of dealing with requests was referred to in Mericantante v. Boston & Maine Railroad, Mass. Adv. Sh. (1935) 1613,1614, as “not to be encouraged, where there are no specific findings of fact” for the reasons there given. This ruling was properly refused. It was a request for a finding of fact which the court was not obliged to make. Castano v. Leone, 278 Mass. 429, 431. Whether a statute had been violated by the defendant was a question of fact, to be determined frbm the oral testimony in the case. Nicoli v. Berglund, Mass. Adv. Sh. (1936) 495, 497. And if there was such a violation, whether it contributed to the accident, was also a question of fact.
■ In Waimoright v. Jackson, Mass. Adv. Sh. (1935) 1405; 1407, the rule is stated:
“Violation of law is regarded as a cause of injury only when the forbidden element in the conduct alleged to be negligent is the effective cause of the damage sought to be fastened on the defendant. Stowe v. Mason, Mass. Adv. Sh. (1935) 593, 598. Hathaway v. Huntley, 284 Mass. 587, 592,” and other cases there cited.
We consider together the plaintiff’s fourth request
“4. That if it is found that the plaintiff was exercising due care at the time of the accident she is entitled to recover on both counts of her declaration.”
which was refused, “plaintiff’s agent was contributorily negligent,” and the defendant’s fourth request
“4. The court is asked to rule as a matter of law that the evidence warrants a finding that the plaintiff was not in the exercise of due care at the time of the accident.”
which was given by the trial court “as not bearing on the negligence of the plaintiff but the negligence of the plaintiff’s agent operating her car, by whose negligence she is bound.”
*192 The manner in which the trial court dealt with these rulings clearly indicates he found the plaintiff’s husband was her agent for the purpose of operating’ her automobile at the time of the accident.
“The question of principal and agent as between husband and wife, as the case may be, is commonly one of fact. ”
Groce v. First National Stores Inc., 268 Mass. 210, 213, and see also Hunt v. Rhodes Brothers Co., 207 Mass. 30. Smith v. Jordan, 211 Mass. 269, 272. Ballou v. Fitzpatrick, 283 Mass. 336, 339.
The special finding that the plaintiff’s husband was her agent must stand if warranted upon any possible view of the evidence together with all rational inferences. Moss v. Old Colony Trust Company, 246 Mass. 139, 143. Wood v. Oxford, Mass. Adv. Sh. (1935) 1047, 1049. Scriggins v. Thomas Dalby Co., Mass. Adv. Sh. (1935) 1095. Kennedy Bros. Inc. v. Bird, 287 Mass. 477, 484.
In Commonwealth v. Sherman, 191 Mass. 439, where the owner of the ear was riding in the rear seat, while the automobile was being driven illegally by another, the court said:
“In our opinion those facts warranted the inference that the owner knew and allowed his vehicle to be illegally run. The case so made out is a prima facie case only. It may be contradicted or explained. But uncontradicted and unexplained it does, in our opinion, warrant the inference, and so makes out a prima facie case.”
In Wheeler v. Darmochwat, 280 Mass. 553, 558, the court said:
“The mere concurrent facts of ownership and of occupancy of an automobile do not predicate liability for its operation by another without the further fact that the owner retained the right and power to control the manner in which it was being driven.”
*193 And in Samson v. Aitchison, (1912) A. C. 844, 849, quoted with approval in Wheeler v. Darmochwat, (supra, at page 558), it was said:
Where “the owner .... is riding in it while it is being driven, and has thus not only the right to possession but.the actual possession of it, he necessarily retains the power and the right of controlling the manner in which it is to be driven, unless he has in some way contracted himself out of his right, or is shown by conclusive evidence to have in some way abandoned his right .... The owner, indeed, has a duty to control the driver .... The duty to control postulates the existence of the right to control.”
In Foley v. Hurley, 288 Mass. 354, 356, where the mother was the owner and riding while her son was driving, the test was stated'as follows:
“The test of the existence of the relationship of principal and agent is the right to control not the actual exercise of control by the principal.”
And in Guy v. Union Street Railway, Mass. Adv. Sh. (1935) 157, 159, where the wife was the owner and riding while her husband was driving, it was said:
“It is not necessary that there be an actual control by . the owner to make the operator a servant or agent of the owner, it being sufficient that there is the right to-control. ’ ’
In Levangie v. Gutterson, Mass. Adv. Sh. (1935) 357, 359 the court said:
“The fact that the plaintiff was riding in her own automobile while her son was operating it was enough, standing alone, to warrant the finding that she retained the right, arising from her ownership, to control its-operation.”'. . . . “Contrary evidence that she. had divested herself of such right might negative that result.”
*194 The same test has been applied in many other cases. See Smith v. Jordan, 211 Mass. 269, 272. Campbell v. Arnold, 219 Mass. 160.
Whether or not the plaintiff has surrendered control of her automobile to her husband was also a question of fact. Foley v. Hurley, 288 Mass. 354, 356. Ballou v. Fitzpatrick 283 Mass. 336. Levangie v. Gutterson, Mass. Adv. Sh. (1935) 357, 359. Guy v. Union Street Railway, Mass. Adv. Sh. (1935) 157, 159.
And in the case at bar it was for the trial court to say on all the evidence, with power inferences, whether the plaintiff had so abandoned the right to control the operation of her automobile. Here, as in Foley v. Hurley, supra, “The fact that she gave no direction as to its operation or as to the route does not have a controlling influence in deciding that question. There is nothing to show that up to the time the collision was imminent any circumstances appeared which called for her exercise of the power of control.” That the plaintiff had no license to operate motor vehicles was also proper to be considered by the trial court. The testimony “that the plaintiff looked out around and in front of her,” which is strikingly similar to the testimony in Thompson v. Sides, 275 Mass. 568, also tended to show not only that she was watchful for her own safety but might have led the court to believe that she was actively alert to the proper operation of the car and so still retaining some control over it.
We cannot say the judge was plainly wrong in finding the relation between the plaintiff and her husband to be principal and agent with relation to the operation of the car at the time of the accident.
The plaintiff strongly urged that the relation of the plaintiff to her husband was that of guest in her own car of which the husband at the moment was the bailee, relying *195 upon Thompson v. Sides, 275 Mass. 368. But in order to maintain that position it was also necessary for her to satisfy the trial court that she had surrendered control of her automobile to her husband, which, as we have said, was a question of fact for the decision of the trial court.
The finding that the plaintiff’s husband was her agent in the operation of the automobile at the time of the accident, with the further finding that he was negligent, required a finding for the defendant.
It follows that the trial judge was correct in the manner in which he dealt with the rulings last referred to.
The giving of defendant’s second request was at most only harmless error. It was not necessary for the husband’s negligence to be the sole cause of the accident, if his negligence contributed in any degree to the accident it was sufficient to bar the plaintiff from recovery.
We are of the opinion that there has been no prejudicial error and the report is dismissed.