Wilson, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries sustained when her automobile, driven by her son and in which she was riding, on June 2, 1937, was in collision with an automobile operated by the defendant.
There was evidence tending to show that the plaintiff was eighty years of age, partially blind and unable to read or write the English language. She never had a license to operate and never operated an automobile. That her son was the only operator of the car, he kept the keys and certificate of registration and paid the garage expenses; that the plaintiff lived at 287 Salem Street, Medford, and her son at 5 Allen Court, Medford. A photostatic copy of the application for registration and the certificate of registra *156 tian are a part of the report. At the top of the application, in the usual form, is typewritten the following :
“Gurgy S anjean 287 Salem S't Medford Mass”
Space number “11” for “Massachusetts residential address” is blank.
In space number “11A” for “Mail address, if different,” is typewritten “5 Allen Court, Medford, Massachusetts.”
The certificate of registration gives the owner’s name and address as “Gurgy Sanjean, 5 Allen Court, Medford, Mass.,” and “287 Salem St., Medford, Mass.,” is given in response to the request, “Give residential address on this line if it differs from mail address.”
There was also evidence tending to show that her residence was 287 Salem Street and her mail address was 5 Allen Court.
On the day of the accident there was evidence that the son had the car to do some errands of his own; that he obtained the car, went to his mother’s house and asked his parents if they wanted a ride. The plaintiff and her husband got in the car and the son proceeded to Stoneham on errands of his own. While returning, the plaintiff was injured in a collision between the car driven by her son and one driven by the defendant.
The court was warranted in finding and found that both the defendant and the plaintiff’s son were negligent.
The defendant presented five requests for rulings. The trial judge refused the first, second, third and fourth and gave the fifth. The first and fourth requests are now immaterial because the report recites, “It is agreed .... the court was warranted in finding that both drivers were negligent.” The second and third requests were as follows;
*157 “2. The plaintiff illegally registered a motor vehicle, therefore is not entitled to recover.”
“3. The negligence of the operator bars any recovery of this plaintiff,”
The second request raises the issue of the legality of the registration of the plaintiff’s automobile.
The purpose of the requirements for registration of motor vehicles has been said “to insure at all times easy identification of the vehicle and its owner. The application is the basis of the public record which remains open for inspection in the office of the registrar. The certificate must accompany the vehicle for use on the road. The applicant himself is the source of that which is contained in the application and he has ample opportunity to see to it that the certificate is also complete and correct.” Brodmerkle v. Gorolsky, Mass. Adv. Sh. (1936) 529; Crean v. Boston Elevated Railway, Mass. Adv. Sh. (1935) 2233, 2234; Ricker v. Boston Elevated Railway, 290 Mass. 111; Caverno v. Houghton, Mass. Adv. Sh. (1936) 791, 793; and in Gray v. Hatch, Mass. Adv. Sh. (1937) 1771, it was said:
“The registration statute, Gr. L. (Ter. Ed.) c. 90, § 2, is imperative in its requirements that both the application and the certificate of registration shall contain the name, place of residence and address of the applicant. The fulfillment of one or two of these three requirements cannot be accepted as the equivalent of full compliance with the statute.”
It is urged by the defendant that the plaintiff’s ear was not legally registered because in her application in space “11,” she failed to give her residence. That argument is not a sound one, in our opinion, for the words, “287 Salem St,” in the square at the top of the application, taken with the words, “5 Allen Court”, in the space for “Mail address, if different,” would indicate to any reasonably intelligent person how the owner was to be reach *158 ed, either by a personal call or by mail. The certificate, presumably carried with the car, contained both the correct name, residence and mailing address of the owner. Whether the words in the square at the top of the application were placed there by the plaintiff or some other person can have no bearing, for in any event they were adopted by her.
We think the application in the instant case was sufficient and falls within the class of cases referred to in Caverno v. Houghton, Mass. Adv. Sh. (1936) 791, 793, where the court said:
“Trifling inaccuracies not affecting this statutory design do not invalidate the registration. ’ ’
And see also Topf v. Holland, 288 Mass. 552, 554, and cases there cited.
The defendant also argues that the plaintiff who owned and was in the car at the time of the accident cannot recover, because the court found the negligence of the operator thereof contributed to the accident.
We are of opinion that this argument is not properly open to the defendant under the third request. It did not clearly call the attention of the trial court to the rule of law now relied upon. See Bergeron v. Forest, 233 Mass. 392, 402.
But the issue was not who was the owner of the car at the time of the accident. It was rather who was in control thereof. That issue was one of fact. Foley v. Hurley, 288 Mass. 354, 356; Ballou v. Fitzpatrick, 283 Mass. 336; Guy v. Union Street Railway, 289 Mass. 225; Levangie v. Gutterson, 289 Mass. 287.
In Levangie v. Gutterson, at page 290, the court stated the rule, applicable to the instant case, as follows:
“The fact that the plaintiff was riding in her own automobile. while her son was operating it was enough, *159 standing alone, to warrant the finding that she retained the right, arising from her ownership, to control its operation. Foley v. Hurley, 288 Mass. 354. Wheeler v. Darmochwat, 280 Mass. 553, 558. Contrary evidence that she had divested herself of such right might negative that result. Commonwealth v. Sherman, 191 Mass. 439. Guy v. Union Street Railway, 289 Mass. 225.”
There was ample evidence in the instant case, with the rational inferences to he drawn therefrom, to support the finding of the court that the plaintiff had divested herself of the right to control the operation of her automobile. She was partially blind, she never had a license and never had operated a motor vehicle, her son kept the keys and certificate of registration, the driver was about his business not hers, he was not in her employ and he paid the garage expenses.
No prejudicial error appears from this record and the report is dismissed.