PARKS *v.* PERE MARQUETTE RAILWAY CO.

1. RAILROADS — CROSSING ACCIDENT — AUTOMOBILES — NEGLIGENCE —CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In action arising from accident involving an automobile and train at a railroad crossing, evidence *held,* sufficient to present an issue of fact for jury as to negligence of defendant railroad company and contributory negligence of driver of car, owned by plaintiff's decedent, a minor, but occupied by him as a passenger.

2. AUTOMOBILES—CONTROL OF PASSENGER—IMPUTATION OF NEGLIGENCE.

Negligence of the driver of a car may be imputed to a passenger therein where the car is under the control of the injured passenger.

3. NEGLIGENCE—IMPUTATION TO PASSENGER IN CONTROL.

In action against a negligent tortfeasor by minor passenger in car which he owned but which was driven by another person under his actual control, the negligence of his driver is fittingly designated as the direct contributory negligence of such passenger rather than as negligence imputed to him.

4. AUTOMOBILES—LICENSES—CONTROL—MINOR OWNER AS PASSENGER.

A minor who is a licensed driver and who owns a car and is of sufficient age and judgment to control its use and operation is legally chargeable with that responsibility even though he be a passenger in his own car and not driving it.

5. SAME—NEGLIGENCE OF DRIVER—OWNER-PASSENGER'S LIABILITY —COMMON LAW—PRINCIPAL AND AGENT.

The owner's liability for negligence of another driving automobile while owner was a passenger is determinable under common-law principles applicable to master and servant and principal and agent relations.

6. Negligence—Servant's Contributory Negligence Imputed to Master.

> At common law a servant's negligence within the scope of his employment is imputable to master and bars latter's recovery against third persons if servant's negligence contributed to the injury.

7. Infants—Agent's Torts in Presence of Minor Principal.

> Since a minor cannot lawfully appoint an agent, it is generally held that he may not be made liable for the tortious acts of his agent, but the rule does not apply where the agent is acting in the immediate presence of and subject to the direction and control of the minor.

8. Automobiles—Infants—Tort of Agent.

> Generally, a minor may not be made liable for the tortious acts of one to whom he has undertaken to delegate authority to act as his agent, but such rule does not apply where driver of an automobile was acting in the immediate presence and subject to direction of minor who had authority to control driver's operation of automobile.

9. Railroads—Automobiles—Negligence Imputable to Minor-Owner Also a Passenger in Control of Driver.

> Instruction that negligence of 17-year-old driver of car belonging to plaintiff's decedent, a 20-year-old minor, who was a passenger in the car driven with his permission and pursuant to his instructions was imputable to such owner and barred recovery by plaintiff in action against railroad company *held*, not error, in action wherein issues of negligence of defendant and contributory negligence of decedent's driver were left to jury.

10. Same—Automobiles—Contributory Negligence—Control of Car—Burden of Proof.

> In an action for damages arising from an automobile-railroad crossing accident wherein plaintiff's decedent was a 20-year-old owner-passenger of car driven by a 17-year-old minor, burden of proof was not upon defendant railroad company to show that the owner-passenger had retained the right and power to control the car as the issue of such control is involved in question of whether decedent was free from contributory negligence, a burden resting upon plaintiff.

11. SAME—CROSSING—OWNER'S CONTROL OF CAR DRIVEN BY ANOTHER—RECORD.

Record *held*, to support conclusion that 20-year-old owner-passenger had the right to control car, driven by a 17-year-old friend, up to and including instant of accident at railroad crossing, in absence of evidence of abandonment of right to control it.

12. AUTOMOBILES—CONTROL—PRIMA FACIE EVIDENCE.

One who owns a car and is present therein at time of accident is prima facie in control of its operation, the mere fact that he does not actually exercise control not warranting a finding of abandonment of right to control.

13. SAME—LICENSES—NEGLIGENCE OF DRIVER—STATUTES.

Refusal to give request to charge that fact that driver of car in which plaintiff's decedent was a passenger did not have an operator's license had no bearing on question of negligence in the case was proper in view of fact that operation of car by an unlicensed driver was in violation of statute, and no objection had been made to testimony that the driver was unlicensed (Act No. 91, § 2, Pub. Acts 1931).

14. APPEAL AND ERROR—QUESTIONS REVIEWABLE—WAIVER OF CLAIMED ERROR.

Claim of error set forth in statement of questions involved but not discussed in appellant's brief is considered waived and not reviewed.

Appeal from Saginaw; Holland (Robert T.), J. Submitted April 2, 1946. (Docket No. 3, Calendar No. 43,257.) Decided June 3, 1946.

Case by Wilda Parks, administratrix of the estate of Olds F. Parks, deceased, against Pere Marquette Railway Company for damages arising from death of plaintiff's decedent when automobile in which he was riding was struck by train. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Walter Martin* and *Duane S. van Benschoten*, for plaintiff.

*John C. Shields* and *William R. Althans* (*Weadock & Weadock* and *Edward H. Goodman,* of counsel), for defendant.

NORTH, J. This case arises out of an automobile-railroad crossing accident in which plaintiff's decedent sustained fatal injuries. On trial by jury the verdict was in favor of defendant. Judgment was entered accordingly. Plaintiff's motion for a new trial was denied. She has appealed.

Because decision of the questions presented on this appeal does not necessitate a full and detailed statement of the factual background, only the abbreviated presentation of facts hereinafter contained is essential. Plaintiff's decedent, Olds F. Parks, at the time of his death was a minor 20 years of age. He owned the Ford two-door sedan involved in the accident. Plaintiff's decedent and a girl companion were occupying the rear seat of the automobile when the accident occurred. The automobile, at the request of decedent, was being driven by Lloyd Turner, then 17 years of age. He did not have a driver's license. In the nighttime of February 18, 1941, the party was proceeding in an easterly direction on Perkins street in the city of Saginaw. In attempting to pass over the tracks of defendant's railway, which extend in a northerly and southerly direction, the automobile was struck on the second or northbound main track by the locomotive of a freight train proceeding in a northerly direction. None of the occupants of the automobile saw the approaching train in time to avoid the accident. The collision resulted in the death of Olds F. Parks, and this suit was brought by the administratrix of his estate.

There was ample testimony bearing upon the issue of defendant's negligence and the contributory negligence of the automobile driver, Lloyd Turner, to

present an issue of fact for a jury's determination. In appellant's brief it is stated: "In this case, the contributory negligence of Turner, the driver, is a legally contributing cause of decedent's injuries." As noted above, the jury found for the defendant. The errors asserted by appellant have to do only with the charge of the court as given and failure of the court to give requested charges. Appellant contends that the trial court erred in charging the jury as follows:

"Ordinarily, negligence may not be imputed to a minor. In other words, if a minor is driving or riding in an automobile and the driver of the automobile is negligent, such negligence may not be imputed to this minor. In this case, however, the Court is of the opinion that Olds Parks being of 20 years of age, the owner of the car and an occupant of it, and the car being driven with his permission and by his instructions, if you find that the driver of the car, Lloyd Turner, was negligent in his operation of the motor vehicle, then such negligence will be imputed to Olds Parks and the plaintiff in this case may not recover. Therefore, if you find from the facts in the case that the driver of the car was guilty of negligence in the manner in which he approached and attempted to cross the tracks of the defendant at the time in question, then any negligence of the defendant becomes of no importance and immaterial, because as a matter of fact plaintiff's decedent was charged with the negligence of the driver, and you must return a verdict of no cause of action, as stated."

While the above charge is not literally accurate, it is not erroneous as against any question presented on this appeal. Primarily plaintiff's contention is that in this jurisdiction the negligence of a driver of an automobile has never been imputed to a *minor* passenger, and that also, by our recent decison in

*Bricker* v. *Green,* 313 Mich. 218 (163 A. L. R. 697),
"the rule of imputed negligence    *    *    *    has been
renounced." As to our decision in the *Bricker Case,*
plaintiff's construction or interpretation is inaccu-
rate. And later in appellant's brief it is said: "It
would, perhaps, be unfair and incorrect to say that
our Supreme Court has, by the recent case of *Bricker*
v. *Green,*    *    *    *    overthrown completely the doc-
trine of imputed negligence." The holding in the
*Bricker Case* did not renounce the so-called rule of
imputed negligence in cases where the driver of the
car was under the control of the injured passenger.
Doubtless in such cases use of the term "imputed
negligence" is somewhat lacking in accuracy, and
ordinarily might more fittingly be designated as
direct contributory negligence of the passenger. In
the *Bricker Case* we said (p. 235): "Our holding
herein should not be construed as excluding under
appropriate circumstances the defense of contribu-
tory negligence on the part of the passenger, if rela-
tive to the cause of the accident the passenger
failed to exercise such reasonable care and caution as
he should have exercised under the circumstances."

Appellant contends that since Olds Parks, the
owner of the automobile, was a minor, therefore he
was not subject to the rule of imputed negligence.
It has been urged that since the owner by reason of
his minority was legally incapacitated from entering
into a contractual relation of the character involved,
the element of legal right to control did not exist.
Circumstances may be conceived where that result
might follow, but it is not universally true. The
law applicable to a given case is dependent on cir-
cumstances somewhat similar to those bearing upon
whether a minor is of sufficient age and judgment
to be charged with contributory negligence. In the
instant case the minor-owner, Olds Parks, was 20

years of age and was mentally and physically capable of controlling his automobile. He was a licensed driver. A minor may own an automobile; and if he is of sufficient age and judgment he not only has the legal ability to control its use and operation, but he is legally chargeable with that responsibility. For that reason courts have held that the right of a minor-owner, who is a passenger in his own car and retains his right of control, to recover damages from a third party alleged to have negligently caused such damages presents or may present the issue as to whether there was contributory negligence on the part of the driver who with the minor-owner's authority was operating the minor's car.

In some jurisdictions where the general or broad rule of imputed negligence did not prevail, as formerly in this jurisdiction, it has been held that the negligence of a driver is imputable to the adult owner of an automobile who was riding in the car and who had not abandoned his legal right of control. Headnotes in *Shuler* v. *Whitmore,* 138 Misc. 814 (246 N. Y. Supp. 528), read:

"Owner's liability for negligence of another driving automobile while owner was passenger is determinable under common-law principles applicable to master and servant and principal and agent relations.

"At common law, servant's negligence within scope of employment was imputable to master, and barred master's recovery against third persons if servant's negligence contributed to injury."

By the preponderance of authority a similar rule applies to minor-owner passengers, although seemingly on a theory different than that of agency or master and servant.

"Many cases hold that the negligence of a driver, while operating a vehicle in such circumstances that an infant riding with him has actual authority to

control the conduct of the driver, is the negligence of the infant. (Citing cases) * * * Those decisions, however, are not based upon agency, nor upon imputed authority to control derived merely from a supposed contract of joint enterprise. *They are based upon actual authority to control,* exercised through another." *Potter* v. *Florida Motor Lines,* 57 Fed. (2d) 313.

The opinion in the *Potter Case* cites *Atchison, T. & S. F. R. Co.* v. *McNulty* (C. C. A.), 285 Fed. 97. In this case the plaintiff was 19 years. of age. A headnote of the [*McNulty*] *Case* reads:

"Where plaintiff, who was driving a car owned by her father, as she frequently did, invited a young man acquaintance whom she met to ride, and permitted him to drive, while she sat beside him, his negligence in so driving was imputable to plaintiff, who at all times had the right to control the movement of the car."

Another decision among those cited in the *Potter Case* will be found in *McKerall* v. *St. Louis-San Francisco R. Co.* (Mo. App.), 257 S. W. 166. The applicability of this decision to the instant case appears from a headnote which reads:

"Where deceased, a 17-year-old girl, drove her father's automobile to a certain town, and on the return trip a girl friend who lived at the town drove the car, the inference was that the friend drove by permission of deceased, and her negligence, if any, at a railroad crossing was imputable to deceased, since deceased remained in charge of the car."

In *Collinson* v. *Cutter,* 186 Iowa, 276 (170 N. W. 420), the alleged liability of a mother for damages resulting from her son's negligence who was driving the automobile in which the mother was a passenger, was attempted to be met by the claim that the mother's disability as a feme covert to contract absolved her from liability. This defense was

held not tenable, as indicated by the following headnote (N. W.):

"Where a mother was a passenger in an automobile driven by her minor son over whom she had control, and through the negligence of the son plaintiff was injured, the mother was equally liable with the son for such injury."

Another pertinent decision is reported in *Wilson* v. *Mullen,* 11 Tenn. App. 319. The gist of the court's holding on the phase of the law under consideration is disclosed by the following headnotes:

"Since a minor cannot lawfully appoint an agent, it is generally held that he may not be made liable for the tortious acts of his agent, but the rule does not apply where the agent is acting in the immediate presence of and subject to the direction and control of the minor.

"Where an infant was riding in a car operated by another driving at her request and under her control, *held*, that she was liable for the driver's negligent acts."

The *Wilson Case* is cited in a later decision of the Tennessee court of appeals and from its decision the Tennessee supreme court denied certiorari. We quote one of the headnotes:

"Generally, a minor may not be made liable for the tortious acts of one to whom he has undertaken to delegate authority to act as his agent, but such rule does not apply where driver of an automobile was acting in the immediate presence and subject to direction of minor who had authority to control driver's operation of automobile." *Wilson* v. *Moudy,* 22 Tenn. App. 356 (123 S. W. [2d] 828).

We think the principle of law announced in the foregoing cases is sound; and that the trial judge was not in error in giving the above-quoted portion of the charge to the jury. In so holding we are mindful of our decision in *Hartley* v. *Miller,* 165 Mich.

115 (33 L. R. A. [N. S.] 81, 1 N. C. C. A. 126), but our holding in that case was only to the effect that the owner of a motor vehicle (a passenger therein) was not liable for the negligence of a borrower, where the machine was not being used in the owner's business, but instead in the business of the borrower. Obviously the facts in the *Hartley Case* are materially distinguishable from those in the instant case wherein decedent's car was not loaned to the driver and was being used at the time of the accident in the business of or for the convenience of decedent who was the owner.

In connection with appellant's discussion of the foregoing phase of the instant case, it is contended that the burden of proof is upon the defendant to show "that the passenger-owner has retained the right and power to control the automobile in which he is riding in order that contributory negligence may be imputed from the driver to the passenger-owner." We are not in accord with this contention. This issue of control would be involved in the question of whether a plaintiff was free from contributory negligence, and the burden of so showing rests on a plaintiff. *Pulford* v. *Mouw*, 279 Mich. 376. Further, the undisputed record in this case is wholly inconsistent with any other conclusion except that plaintiff's decedent up to and including the instant of the accident at all times had the right of control.

"The plaintiff, because of her ownership of the automobile and her presence therein, was prima facie in control of its operation on the occasion in question. The mere fact that the plaintiff did not actually exercise control did not warrant a finding that she had abandoned her right to control." *Guy* v. *Railway Co.* (syllabus), 289 Mass. 225 (193 N. E. 740).

"As respects imputed negligence, when owner of automobile is riding in it while another is driving,

inference is warranted that owner retained right to control its operation, in the absence of controlling evidence to the contrary." *Foley* v. *Hurley,* 288 Mass. 354 (headnote 193 N. E. 2).

In the instant case there is no persuasive testimony that plaintiff's decedent at any time abandoned his right of control.

Appellant also asserts error because of the trial court's refusal to give the following request to charge:

"Something has been said about the fact that Lloyd Turner, the driver of the automobile involved in this accident, did not have an operator's license. The court instructs the jury that the fact that Lloyd Turner had no operator's license has no bearing on the question of negligence in this case or any other part of the case."

Obviously the reason for preferring the above request to charge was that on several occasions, without objection or motion to strike, it appeared in the testimony that Turner did not have a driver's license. Notwithstanding this circumstance, the request to charge was improper. As bearing upon the question of contributory negligence it was competent to disclose to the jury that the driver of decedent's automobile did not have a license, since an unlicensed driver operating an automobile upon the highways of this State does so in direct violation of the statute. Act No. 91, § 2, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 4685-2, Stat. Ann. § 9.1502).

"The statute requiring chauffeurs to be licensed was designed to protect the public against incompetent operators of cars, and the employment of an unlicensed chauffeur has therefore a bearing upon the exercise of the care which the defendant owed toward the plaintiff in the operation of its car. * * *

"So in this case the failure to employ a licensed chauffeur is some evidence of negligence, which may be overcome by subsequent evidence showing that, notwithstanding the fact that the chauffeur was not licensed, he was thoroughly competent, and was not responsible for the collision. It is not an immaterial question, like the failure to have a car license, which can have no possible bearing upon the operation of the car. The violation of the ordinance, therefore, is prima facie evidence of negligence, to be submitted to the jury in connection with the other facts in the case to determine the ultimate liability." *Austin* v. *Rochester Folding Box Co.,* 111 Misc. 292 (181 N. Y. Supp. 275).

See, also, *Kenyon* v. *Hathaway,* 274 Mass. 47 (174 N. E. 463, 73 A. L. R. 156).

In the instant case it is somewhat pertinent in connection with the above again to note that in appellant's brief it is stated: "The contributory negligence of Turner, the driver, is a legally contributing cause of the decedent's injuries." Refusal to give the above-quoted request was not error.

In the statement of questions involved in appellant's brief, a third claim of error is set forth which also is based upon the trial court's refusal to give to the jury a charge requested by appellant. Since this ground of error is not discussed in appellant's brief we do not review it, but consider it waived. *Johns* v. *Wisconsin Land & Lumber Co.,* 268 Mich. 675; *Dolby* v. *State Highway Commissioner,* 283 Mich. 609 (117 A. L. R. 538); and *Arrand* v. *Graham,* 297 Mich. 559 (136 A. L. R. 1206).

Judgment entered in the circuit court is affirmed. Costs to appellee.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, and Starr, JJ., concurred. Bushnell, J., took no part in the decision of this case.