THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD GLASER, Appellant, v. JOSEPH H. BROPHY, as Warden of Auburn State Prison, Auburn, N. Y., Respondent.

PER CURIAM. There is no error in principle in applying the provisions of section 1944 of the Penal Law in respect to increase of punishment for committing a felony while armed with a dangerous weapon as therein specified to the case of a conviction for murder in the second degree. (*People* v. *Paradiso*, 248 N. Y. 123.) On the record before us we cannot say that there was no proof before the court at the time of pronouncing the sentence upon which to found an application of · section 1944. The minutes of the trial and of the proceedings upon sentence are not included in the record. (*People* v. *Caruso*, 249 N. Y. 302, 306.) All concur. Order affirmed.

ISADORE TAKSEN, Appellant, v. ALLYN KRAMER, ·Defendant, Impleaded with LEWIS DOLLINGER, Respondent.

PER CURIAM. At the time of the instant transaction defendant Dollinger was concededly an infant. It is elementary in this State that an infant may be held civilly liable for damages caused by his tortious acts. The complaint sufficiently alleges that defendant Kramer, operating the automobile in the presence of defendant Dollinger and under and pursuant to his authority, direction and control, willfully, maliciously and negligently struck the plaintiff causing him injury. Defendant Kramer in so acting not only subjected himself to liability but also acted as the *alter ego* of defendant Dollinger. It is as if defendant Dollinger had acted himself and the complaint is good. (*Robbins* v. *Mount*, 33 How. Pr. 24; *Sikes* v. *Johnson*, 16 Mass. 389.) All concur. Order reversed on the law,. with ten dollars costs and disbursements, and motion denied, with ten dollars costs.