Klein et ux. *v.* Klein, Appellant.

Argued April 13, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Rutledge Slattery,* with him *Frank M. Walsh, Frank Slattery, Jr.,* and *Frank P. Slattery,* for appellant, cited: Rodgers v. Saxton, 305 Pa. 479.

*Abram Salsburg,* with him *Hopkin T. Rowlands* and *Mose H. Salsburg,* for appellees, cited: Harkins v. Varone, 306 Pa. 376; Christian v. Gwynne, 103 Pa. Superior Ct. 539; Weslowski v. Ins. Co., 308 Pa. 117; Lang v. Hanlon, 305 Pa. 378.

OPINION BY MR. JUSTICE SIMPSON, May 1, 1933:

The two plaintiffs, who are husband and wife, and defendant and her husband, took a trip to Cleveland, Ohio, in defendant's automobile. The two men were brothers, were each engaged in a branch of the automobile business, and their purpose in going to Cleveland was to attend an automobile accessories exhibition. Incidentally, defendant took the opportunity to visit an aunt who was residing there. Everything went along safely until after they left Erie, Pa., on their way home. While in that city, they met a lady friend, who was invited to and did return with them. Both in going and returning, the two men and defendant took turns in driving the car, and when they left Erie defendant asked her husband to drive it at first. He did so, defendant not directing or controlling the operation in any way. His companion on the front seat was his brother, one of the plaintiffs. The three ladies sat together on the back seat. While so proceeding, an accident occurred, which the jury found

was caused by the driver's negligence. The two plaintiffs were injured, and brought the present joint suit, which resulted in separate verdicts for plaintiffs. From the judgments entered thereon, this appeal was taken. It was an error to take a single appeal, but the parties have stipulated that it shall be treated as an appeal in the wife's case, a like judgment to be entered in the case of the husband.

In a long line of cases, running at least from Scheel v. Shaw, 252 Pa. 451, to Double v. Myers, 305 Pa. 266, we have consistently held, in cases not involving business automobiles, that "In an action to recover damages for injuries resulting from an automobile accident, it is necessary for plaintiff to prove not only that defendant was the owner of the car and that the driver was his servant, but that such servant was at the time engaged in the master's business." No such proof was produced here.

This rule applies with peculiar force when the parties are husband and wife. Appellees' counsel contend, however, that the relation between appellant and her husband, in respect of driving the car when this accident happened, was that of principal and agent, or of master and servant, and hence she is liable for the negligence of her husband, as her agent or servant. We think otherwise. Although such relations, legally speaking, *may* exist between a husband and wife, it is only in rare instances that they do. While the unity, which for so long a time was held to exist between them, has, by statute, been modified to a considerable degree, in matters like the present it has not been changed at all. In the use of the property of each other, no one, least of all the husband or wife, thinks of the husband as being the principal or master of the wife, or the wife as being the agent or servant of the husband, or vice versa, and the law must recognize this fact in exactly the way that the world at large recognizes it, for such is actually the relation of the parties. For convenience of expression, the law may use legal terms in stating that relationship; for

instance, in the present situation, it may be referred to as that of bailor and bailee (Rodgers v. Saxton, 305 Pa. 479), but this does not alter its actual character in the slightest degree. The husband and wife were using the wife's automobile for the joint pleasure of themselves and their friends, and not otherwise, and, under such circumstances, when the husband is driving, "even with his wife present, the presumption is that he is in control of the car, and, in the absence of evidence to the contrary, he is solely responsible for its operation": Ibid., 485.

In the instant case there is no antagonistic evidence. True, if plaintiff's testimony be accepted as accurate,—as it must be when considering the appeal as regards this point,—defendant asked or told her husband to drive the car when they left Erie; and she may, generally speaking, have decided during what time she would drive it and when she would ask her husband or his brother to do so, but there is no pretence that she ever interfered with the driving, no matter who was at the wheel. Nor does a supposed common purpose have any bearing on the matter. Referring again to Rodgers v. Saxton, supra, we find it there decided that "The fact that a husband driving a car owned by his wife, in which she was a passenger, had the common purpose with his wife to reach a certain town, and thereafter to proceed to the seashore for a vacation, supports no inference that the wife has a share in the control of the car," as she must have had, if she is to be held liable for her husband's negligence. Nor is such an inference permissible here, where each had then the common purpose of returning to their common home.

The judgment of the court below in favor of the plaintiff Anna Klein is reversed, and judgment is here entered for defendant non obstante veredicto; and, in pursuance of the stipulation filed, the judgment in favor of the plaintiff, Ben Klein, is also reversed, and judgment is here entered for defendant non obstante veredicto.