MERRILL ESKRIDGE, Defendant Below, Appellant, v. ROBERT J. RUTH, Plaintiff Below, Appellee.

(*March* 12, 1953.)

LAYTON, J., sitting.

*Harold Leshem* for Plaintiff Below, Appellee.

*Newton White* for Defendant Below, Appellant.

Superior Court for New Castle County, No. 836, Civil Action, 1952.

LAYTON, J.:

This was a collision which occurred at 12:10 A. M., April 13, 1952 at Sixth and Monroe Streets in this city. Ruth, the plaintiff, owned the car being driven by Delcollo. He was sitting beside Delcollo on the front seat at the time of the accident. Eskridge, the defendant, owned and was operating his own machine.

■ I find Delcollo and Eskridge each guilty of negligence in that they failed to keep a proper lookout. I further find that the respective negligences were a proximate cause of this collision.

■ But the plaintiff nevertheless takes the position that he may recover because the negligence of Delcollo is not imputable to him, a passenger. Such is the rule in this State. *Bennett v. Barber*, 7 *Terry* 132, 79 *A.* 2d 363. Defendant, however, points to a well recognized exception to the general rule that where the passenger is himself the owner and does not surrender the right to control, then the negligence of the driver is imputable to him. This proposition is frequently stated to be that the negligence of one driving at the request or with the permission of the owner passenger may be imputable to him. Blashfield, *Cyclopedia of Automobile Law and Practice*, Vol. 4, § 2493. And it is also there laid down that actual control is not necessary so long as the right of control exists. *Guy v. Union St. Ry.*

*Co.,* 289 *Mass.* 225, 193 *N. E.* 740; *Beam v. Pittsburgh Rys. Co.,* 366 *Pa.* 360, 77 *A.* 2d 634. The Courts have seemed to regard the fact of retention of control by the owner occupant as establishing a sort of master and servant relationship between him and the driver. As was said by the Supreme Court of North Carolina in *Harper v. Harper,* 225 *N. C.* 260, 34 *S. E.* 2d 185, 190: "Strictly speaking the person operating with the permission or at the request of the owner-occupant is not an agent or employee of the owner, but the relationship is such that the law of agency is applied."

In the instant case we know little more than that the owner, Ruth, picked up his friend, Delcollo, and the two drove to an eating stand. Thereafter, Delcollo, either with the permission of Ruth or at his request, took the wheel and the two "cruised" aimlessly about the city until the accident happened. There is no evidence that Ruth had divorced himself from control of the vehicle. He certainly had not loaned it. The facts of this case fall fairly within the rationale of the cases above cited.

I conclude that the negligence of Delcollo is imputable to Ruth.

Judgment for defendant.