MILDRED EVELYN ROACH, Plaintiff Below Appellant, v. HAROLD B. PARKER, Defendant Below Appellee.

(*August* 25, 1954.)

CAREY, J., sitting.

*Samuel R. Russell* (of Tunnell and Tunnell) for plaintiff.

*John J. McNeilly* for defendant.

Superior Court for Sussex County, No. 312, Civil Action, 1953.

CAREY, J.:

At the time of the accident here involved, plaintiff's car was being driven by her husband, and the defendant was driving his own car. As the trier of fact, I find both drivers guilty of negligence proximately contributing to the accident. This finding necessitates a ruling against defendant's counterclaim.

The legal problem for consideration is whether plaintiff can recover for the damage to her car, in view of the fact that she was riding with her husband when the accident occurred. Stated differently, the question is whether her husband's negligence is imputed to her under the circumstances of this case. There is no contention that she was personally guilty of contributory negligence.

No reported Delaware case touches upon the precise problem, and courts of other states are in disagreement. 4 *Blashfield*, Sec. 2497. Some of the cases are from states which observe the "family use" doctrine, expressly repudiated by our Supreme Court in *Smith v. Callahan*, 4 *W. W. Harr.* 129, 144 *A.* 46, 64 *A. L. R.* 830. The rule in community property states is likewise of little interest to us.

Aside from those cases based upon the family use doctrine or community property law, the conflict of authority centers

largely upon whether agency or control is to be presumed from the facts of ownership and presence of the wife. Both *Guy v. Union St. R. Co.,* 289 *Mass.* 225, 193 *N. E.* 740 and *Harper v. Harper,* 225 *N. C.* 260, 34 *S. E.* 2d 185, for example, apply the principle that a car, driven by another, is presumptively under the control of the owner when present, although they agree that the proof may overcome this presumption. On the other hand, *Painter v. Lingon,* 193 *Va.* 840, 71 *S. E.* 2d 355 and *Rodgers v. Saxton,* 305 *Pa.* 479, 158 *A.* 166, 80 *A. L. R.* 280 are illustrative of instances wherein Courts have declined to apply this presumption against the wife-owner, although recognizing that there may be cases where the facts would justify a finding of agency.

Whether the presumption is applicable becomes important in the present case because of the extremely meager evidence presented. There has been no suggestion here that the wife was anything but a bona fide owner of the car. Whether she could drive, or ever did drive this car, was not brought out. The general use to which the car was put was not mentioned. Whether she did in fact ask her husband to drive on this particular occasion or whether she attempted to exercise any control over his driving does not appear. She was not called to the stand. All we have in the record is the husband's testimony on cross-examination to the effect that he was driving, his wife and her sister were in the car with him and they were taking the wife's sister back to her home, she having spent the evening with them.

In the light of this meager evidence, the Massachusetts and North Carolina Courts would no doubt apply the presumption of agency and control, whereas the Virginia and Pennsylvania Courts would decline to do so. In determining which theory to follow, we have little in the Delaware reports to assist us. A husband's negligence is not ordinarily imputed to his wife, who is a passenger but not the owner. *Island Express v. Frederick,* 5 *W. W. Harr.* 569, 171 *A.* 181; *Bennett v. Barber,* 7 *Terry* 132, 79 *A.* 2d 363. Moreover, no presumption of agency arises from ownership of a car being driven by another, if the owner is not present. *Cerchio v. Mullins,* 3 *W. W. Harr.* 245,

138 *A.* 277. It has not been suggested that the mere relationship of husband and wife is sufficient to raise any presumption of agency.

The argument made is that the wife here was as much interested in the purpose of the trip as was the husband and, since she was not only the owner but also a passenger in the car, it is reasonable to infer the right of control in the wife, whether she actually exercised it or not and that this is sufficient to establish a principal and agent relationship or something closely akin thereto. A similar theory was followed in *Eskridge v. Ruth, Del. Super.,* 105 *A.* 2d 785, wherein the driver was not the spouse of the owner. I have no doubt that the *Eskridge* case was correctly decided, but it would be a mistake, in my opinion, to carry its reasoning to the extent necessary in this case. It is fully in accord with common experience to presume that an owner-passenger retains the right of control when he asks or permits a friend or even a child to drive. *Cf. Balick v. Philadelphia Dairy Products Co.,* 5 *W. W. Harr.* 269, 162 *A.* 776. But to say that this is true of a wife whose husband takes the wheel is to ignore realities. See *Klein v. Klein,* 311 *Pa.* 217, 166 *A.* 790, and *Watkins v. Overland Motor Freight Co.,* 325 *Pa.* 312, 188 *A.* 848.

I accept the following statement from *Rodgers v. Saxton, supra* [305 *Pa.* 479, 158 *A.* 169], as the principle to be applied here:

" 'To hold that the facts, as shown here, constituted agency would be carrying the principle of implied agency too far. If one is riding in a vehicle with another who is his agent or employee, he is responsible for his acts, but to hold that when a husband drives the car of his wife, she being in it, that he is her agent without any proof of how or under what circumstances he is driving it, is to go much further than the law has done or we are willing to do.'

"* * * The fact that Mrs. Rodgers and her husband had, in motoring at the time of the accident, a common purpose to reach Gettysburg, and later to enjoy a vacation together at Atlantic

City, supports no inference that she had a share in the control of the car."

Defendant's brief contains some allusions to the doctrine of joint enterprise. Independent discussion of that subject is not required here because, in order to impute negligence even under that doctrine, there still must be some right of control and management of the car. 4 *Blashfield*, Sec. 2794; 5-6 *Huddy* 287. Since I find no evidence in this case to justify a finding of control in the wife, neither the law of agency nor the doctrine of joint enterprise can be applied.

A judgment in plaintiff's favor will be entered.