Carol B. TATLOCK and William S. Tatlock, Plaintiffs,

v.

Simon NATHANSON et al., Defendants.

Civ. A. 1997.

United States District Court
D. Delaware.

Jan. 9, 1959.

**152**

Stephen E. Hamilton, Jr. (of Richards, Layton & Finger), Wilmington, Del., for plaintiffs.

Joseph H. Flanzer, Wilmington, Del., for defendants.

STEEL, District Judge.

A motion to dismiss the complaint filed by two of the defendants, Mr. and Mrs. Lockerman, raises the question whether a minor, who uses his parents' car with their permission and is the holder of a license by virtue of an application signed by a parent, is deemed to be "driving" the car within the meaning of 21 Del.C. §§ 6105(a) and 6106 so as to impose liability thereunder upon his parents, when he directs an unlicensed minor in the negligent operation of a car and an accident results. The Lockermans' son, Richard, and his friend, Simon, both minors, are also named defendants. Guardians *ad litem* appointed for them have not attacked the complaint.

21 Del.C. § 6105(a) provides:

"Any negligence of a minor, under the age of 18 years licensed upon application signed as provided in section 2710 of this title, when driving any motor vehicle upon a highway, shall be imputed to the person who has signed the application of such minor for the license. Such person shall be jointly and severally liable with such minor, for any damages caused by such negligence."

21 Del.C. § 6106 provides:

"Every owner of a motor vehicle who causes or knowingly permits a minor under the age of 18 years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle, and the negligence of such minor shall be imputed to such owner or such person for all purposes of civil damages."

According to the allegations of the complaint Mr. and Mrs. Lockerman were not in their car when the accident took place. They had, however, knowingly permitted their son, Richard, to possess and operate the car. He and his friend, Simon, were in the car when the accident occurred. Richard, being a minor, had obtained his operator's license upon the basis of an application signed by his father. Richard's friend, Simon, had no license but was at the wheel at the time of the accident. According to the allegations of the complaint, Simon was driving the car "subject to and under the direction and control of" Richard.

The liability of Simon is predicated upon various acts of negligence. That of Richard is based upon his knowingly having permitted Simon, an unlicensed minor, to drive the car in violation of 21 Del.C. § 2743,[1] and upon his having directed and controlled Simon's actions.

Because Mr. Lockerman signed the application for Richard's license, he is alleged to be liable under 21 Del.C. § 6105 (a). As joint owners of the car Mr. and Mrs. Lockerman are both alleged to be liable under 21 Del.C. § 6106. The validity of these allegations depends upon whether Richard was "driving" the car within the meaning of §§ 6105(a) and 6106.

No Delaware decision has considered this precise problem. But if as alleged, Simon was negligent while he was driving the car subject to and under the direction and control of Richard, then the accident was the result of Richard's own negligence. In acting through the instrumentality of Simon, Richard made the acts of Simon legally and factually his own. Haynie v. Jones, 1939, 233 Mo. App. 948, 127 S.W.2d 105, 107–108; Frye v. Baskin, Mo.App.1950, 231 S.W. 2d 630, 635; Taksen v. Kramer, 1933, 239 App.Div. 756, 263 N.Y.S. 609; Archambault v. Holmes, 1939, 125 Conn. 167, 4 A.2d 420, 421. Under the circumstances hypothesized Richard was "driving" the car within the meaning of §§ 6105 (a) and 6106. From this the statutory liability of Mr. and Mrs. Lockerman follows. Under circumstances similar to those alleged it was held under a California statute that the parent who signed the license application for his minor child was liable even though the child was not behind the wheel when the accident took place. Bosse v. Marye, 1926, 80 Cal.App. 109, 250 P. 693.

Defendants seek to distinguish the Bosse decision by pointing out that the California statute did not limit the liability of the parent to the negligence of the minor in "driving", as do the Delaware statutes, but expressly extended the liability of the parent to the negligence of the minor child in "operating" an automobile; and that the California Court itself recognized the distinction between the two words by saying that "to drive" means "to impel the motion and quicken", while "to operate" means "to direct or superintend". Furthermore, defendants assert that in Lundquist v. Lundstrom, 1928, 94 Cal.App. 109, 270 P. 696 a parent who had signed a license application for her minor child was held not to be liable under the California statute which, according to the Court, had been "materially changed" after the Bosse decision by the elimination of the word "operating". These two California decisions, defendants argue, emphasize the distinction between "driving" to which the Delaware statute is directed and "operating" which is outside of its scope, and support the view that under the Delaware statute vicarious liability was not intended to be imposed upon a parent unless his minor child was negligent when personally driving the car.

In spite of the distinction which Bosse draws between "driving" and "operating", it is at least arguable from People v. Odom, 1937, 19 Cal.App.2d 641, 66 P. 2d 206 that the same result would have been reached even if the California statute, like those in Delaware, had referred only to negligence in "driving" a car. In Odom, under a criminal statute which required the "driver" of a vehicle involved in an accident to render assistance to any person injured in the accident, it was held that "driver" included the owner of the automobile who was present and in control of its operation even though he was not actually driving. Furthermore, the Bosse decision turns basically upon the principle that when a car is being driven by an unlicensed minor under the control of a licensed minor, both are "primarily responsible jointly" for the negli-

---

1. 21 Del.C. § 2743 reads:
   "No person shall cause or knowingly permit any minor operator, unless such minor has first obtained a license, to drive a motor vehicle under the provisions of this chapter.

gence in operation and therefore the *primary* negligence by the licensed minor is imputable to his parent under the California statute. This principle applies with equal force under the allegations of the pending complaint.

It is true that in the Lundquist case the Court refused to hold liable the parent of the non-driving minor under the amended California statute which, like the Delaware statutes, related solely to negligence in "driving". But the decision turned upon the fact that the minor who was actually behind the wheel was licensed. It was because of this circumstance that the Court held that no liability could attach to the parent who had signed the non-driver's license application. This was so, the Court said, because the car was being driven under the authority of the license of the driver. Since this is the basis of the decision it is not to be supposed that the result would have been otherwise even if the word "operating" had not been amended out of the California statute. The fact that the driver in Lundquist was licensed distinguishes sharply the case from that *sub judice;* here, Simon, who was at the wheel, was not licensed.

■ In defendants' initial brief Simon was characterized as the "agent" or "servant" of Richard. Because of this I raised the question whether, under principles of law relating to infants, Richard, as a minor, could be held liable for the negligence of his agent or servant, Simon, and if he could not be, whether §§ 6105(a) and 6106 should be interpreted to impose a greater liability upon the parents than the child himself was under. The inquiry was prompted because the authorities hold with virtual unanimity that although a minor is liable for his own torts (Harrison v. Carroll, 4 Cir., 1943, 139 F.2d 427, 428 and authorities therein cited), he cannot be held for the negligence of another on the theory of agency or *respondeat superior.* Sturtevant v. Pagel, Tex.Civ.App.1937, 109 S.W.2d 556, 558–559; Palmer v. Miller, 1942, 380 Ill. 256, 43 N.E.2d 973, 975; Note 103 A.L.R. 487 (1936); Prosser, Law of Torts (2d Ed.1955) pp. 789–790; Note 44 Harvard Law Review 1292 (1931).

■ The principle of these latter decisions, however, is without relevance in view of the allegation of the complaint that Simon's negligent operation of the automobile took place subject to and under the direction and control of Richard. Accepting this allegation as true, the fact that Richard is a minor will not exempt him from liability. In Wilson v. Moudy, 1938, 22 Tenn.App. 356, 123 S. W.2d 828, 840–841, it was held that the law of agency which relieves a minor principal from the consequence of tortious acts committed by an agent is inapplicable where the driver of an automobile acts negligently in the immediate presence and subject to the direction of a minor who has authority to control the operation of the car. In these circumstances it is as if the infant had acted himself. Taksen v. Kramer, supra. The basis of the infant's liability is his own negligence in failing to properly direct or control the action of the driver, Palmer v. Miller, supra, 43 N.E.2d at page 976. The driver is the alter ego of the minor. Woodson v. Hare, 1943, 244 Ala. 301, 13 So.2d 172, 177. It is as if the infant and the driver were both driving the automobile. Haynie v. Jones, supra, 127 S.W.2d at page 107. This view is implicit in Bosse v. Marye, supra, 250 P. at page 697, where the Court held that the driver and accompanying minor were "primarily responsible jointly". Other Courts using agency terminology have arrived at the same result by holding that where a minor is principal the agency is not void but only voidable, and that a minor in control of a car is liable for the acts of the driver unless the minor has repudiated the agency, Scott v. Schisler, 1931, 107 N.J.L. 397, 153 A. 395, 396; or by holding that since a minor would be liable for the tort if he personally committed it, no reason exists why he should escape liability when the tort is committed by his agent, Carroll v. Harrison, D.C.W.D.Va.1943, 49 F. Supp. 283, 292, affirmed on other grounds

in Harrison v. Carroll, supra. Under any of these theories, if the allegations of the complaint are true, Richard's minority will not serve to relieve him of liability for his wrongdoing in directing Simon in the commission of the acts of negligence with which Simon is charged. Whether or not the statutory liability of Richard's parents could exist if Richard were free from liability is therefore presently academic. So also is the question whether Mr. and Mrs. Lockerman can be held liable if plaintiffs should fail to prove actual control of Simon by Richard, but succeed in establishing only the retention by Richard of the right to control Simon.

Eskridge v. Ruth, 1953, 9 Terry 439, 48 Del. 439, 105 A.2d 785 and Roach v. Parker, 1954, 9 Terry 519, 48 Del. 519, 107 A.2d 798, relied upon by defendants, are not inconsistent with the views expressed herein. Neither involved an interpretation of § 6105(a) or § 6106, the minority problem, or actual direction and control over the commission of the acts of negligence.

An interpretation of §§ 6105(a) and 6106 which would put Mr. and Mrs. Lockerman beyond their reach, even though in point of fact Simon was driving the car subject to and under the direction and control of Richard, would defeat the primary purpose of those sections. Their objective was to extend broad protection to the public by making a parent, who has signed a license application or has permitted a minor child to use a car, financially responsible for any accident which results from the negligence of the minor while operating the car. Compare Bispham v. Mahoney, 1936, 7 W.W.Harr. 285, 37 Del. 285, 183 A. 315, wherein this view was expressed with respect to 36 Laws of Delaware (1929) Chapter 10, Section 71, the precursor of § 6105(a), and the statement was made that a narrow interpretation of the statute should be avoided. A statute should, of course, be construed to carry out the broad purpose for which it was enacted if this can be done without doing violence to its language. The interpretation which I have placed upon §§ 6105(a) and 6106 is, under the facts alleged in the complaint, consonant with this principle.

The motion to dismiss is accordingly denied.