491 A.2d 892

**Jeffrey MELMED, Appellant,**

v.

**Faye L. Reiner MOTTS and Alice Drake, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 17, 1984.

Filed April 12, 1985.

Daniel P. Lyons, Stroudsburg, for appellant.

Robert E. Bogen, Saint Marys, for Motts, appellee.

Mark S. Love, Stroudsburg, for Drake, appellee.

Before WIEAND, DEL SOLE and POPOVICH, JJ.

WIEAND, Judge:

Jeffrey Melmed was injured when the motorcycle on which he was riding collided with a vehicle owned and operated by Faye L. Reiner Motts. Alice Drake was a passenger in the Motts vehicle. She was an elderly lady who had been taken to dinner by Ms. Motts, her private duty nurse. Melmed filed a complaint naming both Motts and Drake as defendants. The complaint contained an averment that at the time of the accident Motts had been the employee of Drake and had been acting within the scope of her employment. After the pleadings were closed, Drake filed a motion for summary judgment. The trial court concluded from Drake's depositions that she had not been the employer of Motts and had not had the right to control the manner in which Motts performed her duties. Therefore, the court entered a summary judgment in favor of Drake. Melmed appealed. We reverse.

In *Raffensberger v. Moran*, 336 Pa.Super. 97, 485 A.2d 447 (1984), this Court reviewed the principles applicable to summary judgments as follows:

"Ordinarily, summary judgment should only be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Community Medical Services of Clearfield Inc. v. Local 2665, AFSCME*, 292 Pa.Super. 238, 242, 437 A.2d 23, 25 (1981). See also: *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140, 476 A.2d 928, 930 (1984); *Rybas v. Wapner*, 311 Pa.Su-

per. 50, 54, 457 A.2d 108, 109 (1983); Pa.R.C.P. 1035(b). In passing upon a motion for summary judgment, a court must examine the record in the light most favorable to the non-moving party. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 83, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman,* 322 Pa.Super. 121, 123, 469 A.2d 212, 213 (1983). "It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried." *Thorsen v. Iron and Glass Bank, supra,* 328 Pa.Super. at 141, 476 A.2d at 931; *Wilk v. Haus,* 313 Pa.Super. 479, 482, 460 A.2d 288, 290 (1983). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982).

*Id.,* 336 Pa.Superior Ct. at 102, 485 A.2d at 450. See also: *Barber v. Harleysville Mutual Insurance Company,* 304 Pa.Super. 355, 358, 450 A.2d 718, 719–720 (1982).

 In an action to recover damages vicariously for injuries resulting from an automobile accident, it is necessary for the plaintiff to prove not only that the driver was the defendant's servant, but that such servant was at the time engaged in his master's business. *Klein v. Klein,* 311 Pa. 217, 219, 166 A. 790, 791 (1933). A servant, in law, is "a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control." Restatement (Second) of Agency § 220(1) (1958). "It is not ... the fact of actual interference or exercise of control by the employer, but the existence of the right or authority to interfere or control, which renders one a servant rather than an independent contractor." *Feller v. New Amsterdam Casualty Co.,* 363 Pa. 483, 486, 70 A.2d 299, 300 (1950), quoting 27 Am.Jur. *Independent Contractor* § 6, at 487 (1940). See also: *Juarbe v. City of Philadelphia,* 288 Pa.Super. 330, 335, 431 A.2d 1073, 1076 (1981). It is the exclusive function of the jury to determine, from the evidence, the precise nature of the relationship, except where the facts are not in dispute, in

which latter event the question becomes one for determination by the court. *Feller v. New Amsterdam Casualty Co.*, *supra* 363 Pa. at 486, 70 A.2d at 300–301. See also: *Pennsylvania Gas & Water Co. v. Nenna & Frain, Inc.*, 320 Pa.Super. 291, 299, 467 A.2d 330, 333 (1983); *Breslin v. Ridarelli*, 308 Pa.Super. 179, 184, 454 A.2d 80, 82 (1982). A summary judgment, however, cannot be rested solely upon the oral depositions of the moving party. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 213–214, 412 A.2d 466, 473–474 (1979). The credibility of the moving party's testimony is a question of fact for the jury. *Nanty-Glo Boro v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932).

The summary judgment in the instant case was entered, according to the trial court, on "circumstances of Defendant Motts' employment" as follows:

Defendant Drake is an elderly widow who is no longer able to adequately care for herself. Motts was hired by Northeastern Bank of Pennsylvania, Trustee over an *inter vivos* trust for Defendant Drake, primarily to provide health care for Drake. Motts also performed such services as cleaning, washing and the providing of meals. In this regard, Defendant Drake has made the following statement about the nature of Motts' employment:

I do not supervise Mrs. Motts—She does pretty much what she wants—She comes in the morning, cooks my breakfast, makes the bed [and] leaves—She comes back for lunch and then dinner.... During the hours Faye [Motts] is here I never tell her what to do—She knows pretty much what to do—I don't have to say anything to her....

Defendants Drake and Motts eat dinner out approximately five nights a week. On these occasions, Motts uses her own vehicle for their transportation. Defendant Drake does not drive, has never learned to drive and does not own an automobile. Normally Motts pays for the gasoline used by her automobile in taking Defendant Drake to dinner, but occasionally, Drake will pay for the gasoline as a courtesy. In regards to their dinner trips, Defendant Drake has stated that "We just go where we

feel like. She'll [Motts] ask me if I have a preference, however."

Trial court opinion, at 6–7 (footnotes omitted).

■ Based on the foregoing, we are constrained to conclude that the trial court erred by entering a summary judgment in favor of Drake. In the first place, the trial court based the summary judgment on oral depositions of Alice Drake, who was the moving party. The credibility of her testimony was an issue for the jury to decide; credibility could not properly be determined as a matter of law by the court. The record does not disclose, moreover, that any testimony has as yet been received from the other defendant, Faye Motts, or that the plaintiff, Jeffrey Melmed, has had an opportunity to produce evidence on this issue. Affidavits have not been filed; and the summary judgment, therefore, was based solely on the pleadings and the depositions of Alice Drake. Finally and in any event, the testimony of Alice Drake, even if believed, did not establish as a matter of law that her nurse was an independent contractor rather than an employee. The nature of the relationship between nurse and patient, rather, was an issue for the jury. The trial court erred when it held otherwise.

Reversed and remanded for further proceedings. Jurisdiction is not retained.