## Aukamp v. Allstate Insurance Company

*George D. Alspach,* for plaintiff.
*Harvey Freedenberg,* for defendant Allstate Insurance Company.

FARINA, *J.,* November 3, 1988 — Before the court is the motion for summary judgment of Allstate Insurance Co. Allstate is one of three defendants in a declaratory-judgment action brought by plaintiff Benjamin Aukamp, an automobile accident

victim, to determine from whom he was entitled to receive uninsured motorist benefits. Allstate contends there is no genuine issue of material fact and it is entitled to judgment as a matter of law, since neither the Motor Vehicle Financial Responsibility Law nor the applicable insurance policy requires it to extend such coverage to plaintiff. We agree.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Pa. R.C.P. 1035(b). In passing upon a motion for summary judgment, a court must examine the record in the light most favorable to the non-moving party. It is not the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. Any doubt must be resolved against the moving party. *Melmed v. Motts,* 341 Pa. Super. 427, 430, 491 A.2d 892, 893 (1985). With this in mind, we find an examination of the pleadings establishes the following undisputed facts:[1]

On August 25, 1986, as plaintiff was riding his bicycle on West Chestnut Street in the City of Lancaster, D. Scott Russo opened the door of his parked car in front of plaintiff. This caused plaintiff to collide first with the car door, then with another automobile. Russo's car was uninsured at the time of the accident. The second automobile, owned by

1. Plaintiff argues in his brief that summary judgment is not appropriate as there is an issue of fact remaining. Plaintiff contends that there is a question regarding whether or not one of the parties to the accident was actually uninsured. This allegation was never plead by plaintiff. In fact, plaintiff's claim for insurance coverage is based on the assumption that Davis was uninsured. Accordingly, we find plaintiff's argument meritless.

Chun Lan Davis, was insured by defendant Allstate Insurance Company. Plaintiff, who neither owned nor drove an automobile, had no auto insurance. He applied to defendant Pennsylvania Financial Responsibility Assigned Claims Plan for coverage under the terms of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq. (MVFRL). Defendant Travelers Companies was assigned as the supervising carrier for the claim. Defendant Allstate paid plaintiff first-party benefits as required by its policy with Davis and section 1713(a) of the MVFRL.[2] However, plaintiff was denied uninsured motorist benefits from both Allstate and Travelers. He then filed this action for declaratory judgment to judicially determine whether uninsured motorist or similar coverage was available from either carrier. Defendant Allstate responded with the instant motion for summary judgment.

It is clear that plaintiff is not eligible to recover uninsured motorist benefits under the terms of Davis' policy with Allstate. Payment of damages for bodily injury arising out of the use of an uninsured auto are limited by the policy provisions[3] to the policyholder, relatives residing in his household, occupants of the insured auto, and anyone legally entitled to recover on behalf of such persons insured. Plaintiff does not fall into any of these categories and is not

---

2. "§ 1713(a)—[A] person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

"(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident."

3. Allstate Automobile Policy, Part II: Uninsured Motorists Insurance (Coverage SS), exhibit A of defendant Allstate's answer, at 6.

entitled to uninsured motorist coverage without clear statutory intent to the contrary. While section 1713(a)(4) of the MVFRL clearly calls for the payment of first-party benefits to one such as plaintiff, there is no similar section requiring the provision of uninsured motorist benefits to his class of claimants. Nor can we find any authority for an award of such coverage within the parameters of the Uninsured Motorist Act. 40 P.S. §2000. The relevant portion of that act reads as follows:

"(a) No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly . . . under provisions approved by the Insurance Commissioner, *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. . . ". 40 P.S. §2000. (emphasis supplied)

Clearly, neither the MVFRL nor the Uninsured Motorist Act contains language which would require an award to plaintiff of uninsured motorist benefits in violation of the terms of the Allstate policy. Plaintiff argues that Allstate's policy, if not at odds with the letter of the two statutes, is certainly at odds with their purpose. We disagree. The purpose of the Uninsured Motorist Act is to ensure that *"an insured* injured by an uninsured motorist be able to recover those damages which he would have received had the uninsured motorist maintained

liability insurance." *Adelman v. State Farm Mutual Automobile Insurance Co.,* 255 Pa. Super. 116, 128, 386 A.2d 535, 541 (1978). (emphasis supplied)

The Uninsured Motorist Act simply was not designed to provide for claimants such as plaintiff. Pedestrians injured by uninsured motorists must look to the recovery schemes of the MVFRL. Two alternatives are provided for by that statute. Subchapter E allows recovery under the Assigned Claims Plan, 75 P.S. §§1751 through 1757, while subchapter B provides for payment of first-party benefits from a policy on any motor vehicle involved in the accident, 75 P.S. §§1711 through 1713. In order to receive benefits under the Assigned Claims Plan, the party must be ineligible for first-party benefits under subchapter B. Choice between the two recovery schemes is not allowed. The amount of damages which could be obtained under the alternate schemes will not always be equal. Obviously, first-party benefits will differ from policy to policy. Allstate's limitation of payment of uninsured motorist benefits to certain parties in no way frustrates the public policy of these two recovery schemes. If the legislature did not choose to require the payment of uninsured motorist benefits to plaintiff's class of claimants, it is not for us to do so.

Accordingly, we enter the following

## ORDER

And now, November 3, 1988, the motion for summary judgment of defendant Allstate Insurance Co. is granted, and summary judgment is entered in favor of defendant Allstate Insurance Co. and against plaintiff Benjamin Aukamp.