J-A33030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RAFAEL FERNANDEZ, SR. AND OLGA FERNANDEZ, H/W | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| FAIRMART MARKET, INC. AND SAMI MUHANNA AND BLANCA DEL VALLE AND SANTOS DEL VALLE | |
| Appellees | No. 2047 EDA 2014 |

Appeal from the Order Entered on June 8, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: June Term, 2013 No. 01493

BEFORE:  LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED APRIL 28, 2015**

Rafael Fernandez, Sr., and his wife, Olga Fernandez (collectively "Appellants"), appeal the June 8, 2014 order[1] that granted summary judgment in favor of Blanca and Santos Del Valle (collectively "Appellees").[2] Because the trial court made impermissible credibility determinations in

---

[*]      Retired Senior Judge assigned to the Superior Court.

[1]      Appellants also purport to appeal the June 26, 2014 denial of their motion for reconsideration, which was docketed on June 30, 2014. However, orders denying reconsideration are not reviewable.  **See Cheathem v. Temple Univ. Hosp.**, 743 A.2d 518, 521 (Pa. Super. 1999).

[2]      By stipulation dated January 30, 2014, Fairmart Market, Inc., and Sami Muhanna were dismissed as parties without prejudice.

granting summary judgment, we reverse and remand for further proceedings.

Viewing the record in the light most favorable to Appellants as the non-moving parties, *see Summers v. Certainteed Corp.*, 997 A.2d 1152, 1161 (Pa. 2010), produces the following summary of the events leading up to this litigation. Appellees jointly owned property at 623 Fairmount Avenue, Philadelphia, Pennsylvania. Appellants and Appellees were neighbors, and Mr. Del Valle approached Mr. Fernandez about some repair worked that needed to be done to the concrete sidewalk at 623 Fairmount Avenue. Mr. Fernandez agreed to contact some workers who previously had repaired Mr. Fernandez's sidewalk. After making inquiries, Mr. Fernandez told Mr. Del Valle how much the workers wanted to be paid. Mr. Fernandez and Mr. Del Valle agreed that Mr. Fernandez would arrange for the workers and that Mr. Del Valle would pay Mr. Fernandez an amount to be decided later to supervise the work.

On June 11, 2012, one of the workers was working on the sidewalk when a shard of concrete flew up and struck Mr. Fernandez in the eye. Mr. Fernandez suffered a second degree orbital rupture of the left eye, which resulted in total blindness in that eye.

Appellants filed a complaint on June 11, 2013, and an amended complaint on October 8, 2013, in which they alleged that Appellees were negligent in, among other things, failing to provide protective equipment and failing to warn of a hazardous condition. On April 29, 2014, Appellees filed a

motion for summary judgment. On June 8, 2014, the trial court granted the motion and dismissed the complaint with prejudice. On June 18, 2014, Appellants filed a motion for reconsideration, which the trial court denied on June 30, 2014.

On July 2, 2014, Appellants filed a timely notice of appeal. The trial court did not order, and Appellants did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on July 9, 2014.

Appellants present two issues on appeal:

A. Did the trial court err in granting summary judgment in accepting [Appellees'] legal argument that [Mr. Fernandez, Appellees'] friend and neighbor of thirty years, was an independent contractor when [Mr. Fernandez] was injured helping [Appellees] at [Appellees'] commercial property [to] remove a tripping hazard, when that finding contradicts [Mr. Del Valle's] sworn deposition testimony in which he denied any agreement with [Mr. Fernandez] altogether?

B. Did the trial court err in granting summary judgment in favor of a landowner by determining that the landlord was out of possession of the land because he was not present when his neighbor was injured and lost sight in one eye after he was struck by a concrete shard when he was helping his friend and neighbor remove a tripping hazard at [Appellees'] commercial property at the behest of [Appellees'] insurance carrier?

Appellants' Brief at 4.

Before we reach the merits of Appellants' issues, we first address Appellees' contention that Appellants have waived their issues. Appellees argue that Appellants failed to raise these issues before the trial court in

- 3 -

response to Appellees' motion for summary judgment and, therefore, they are waived. Appellees' Brief at 6-12.

We disagree. Appellants sufficiently advanced the argument that Fernandez was not an independent contractor so as to avoid waiver before this Court. In their response to Appellees' motion for summary judgment, Appellants denied the claim that Mr. Fernandez was an independent contractor. Response in Opposition to Defendants Santos Del Valle and Blanca Del Valle's Motion for Summary Judgment ("Fernandez Response"), 5/29/2014, at 2 ¶ 6. Appellants also appended to their response an expert report, in which Robert S. Sleece, P.E., opined that Mr. Fernandez was not a contractor. *Id.*, Exh. E at 4. Further, in the brief Appellants filed in support of their response, they raised and cited applicable law relating to the "retained control" exception to the general rule that owners of land owe no duty of care to an independent contractor.[3] Memorandum of Law in Opposition to Defendants Santos Del Valle and Blanca Del Valle's Motion for Summary Judgment, 5/29/2014, at 12-13. Thus, we find that Appellants

---

[3] Appellants addressed whether Fernandez was an independent contractor more directly in their motion for reconsideration. However, we have held that an issue raised for the first time in a motion for reconsideration of a disposition of a summary judgment motion is not preserved for appellate review. *See Erie Ins. Exch. v. Larrimore*, 987 A.2d 732, 743 (Pa. Super. 2009).

presented enough in response to the summary judgment motion to bring this issue to the court's attention and avoid waiver.

Moving to the merits of Appellants' issues, our Supreme Court has explained our standard of review as follows:

> As has been oft declared by this Court, "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Atcovitz v. Gulph Mills Tennis Club, Inc.**, 812 A.2d 1218, 1221 (Pa. 2002); Pa.R.C.P. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. **Toy v. Metropolitan Life Ins. Co.**, 928 A.2d 186, 195 (Pa. 2007). In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt." **Id.** On appellate review, then,
>
>> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals.
>
> **Weaver v. Lancaster Newspapers, Inc.**, 926 A.2d 899, 902– 03 (Pa. 2007) (internal citations omitted). To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record. **Id.** at 903.

**Summers**, 997 A.2d at 1159 (citations modified).

Appellants argue that the trial court impermissibly made findings of fact in resolving the summary judgment motion. Specifically, Appellants

contend that the trial court concluded that Mr. Fernandez was an independent contractor when disputed facts remained regarding Mr. Fernandez's status. Appellants assert that Mr. Fernandez' legal status was an issue to be resolved by the jury. Appellants' Brief at 19-21.

We have held that, when the facts are undisputed, the trial court has the responsibility to determine whether a party is an employee or an independent contractor. However, if the facts are in dispute, this question falls within the province of a jury. *Melmed v. Motts*, 491 A.2d 892, 893 (Pa. Super. 1985); *see also Shay v. Flight C Helicopter Servs., Inc.*, 822 A.2d 1, 15-16 (Pa. Super. 2003) (holding that, when evidence supported a finding that mechanic was either an employee or an independent contractor, trial court properly submitted issue to a jury).

In support of Appellants' contention that there is a factual dispute, they highlight the inconsistencies in Mr. Del Valle's deposition and answers to interrogatories. In his responses to interrogatories, Mr. Del Valle stated that Mr. Fernandez was hired to perform the sidewalk repair. Answers of Defendants, Blanca Del Valle and Santos Del Valle to Plaintiffs' Interrogatories at ¶ 5. He also affirmed that there was an oral contract. *Id.* at ¶¶ 6, 17. However, in his deposition, Mr. Del Valle testified that he did not hire Mr. Fernandez. Deposition of Santos Del Valle, 4/11/2014, at 19. Mr. Del Valle further testified that he never asked Mr. Fernandez to fix the sidewalk and did not know why Mr. Fernandez was at 623 Fairmount Avenue. *Id.* at 19-21. Mr. Del Valle agreed that he provided no safety

equipment nor made any preparations for work at 623 Fairmount Avenue. *Id.* at 34. Appellants also cite their expert report, in which Mr. Sleece opines that Mr. Fernandez was an employee rather than a contractor. Fernandez Response, Exh. E at 4.

Appellees maintain that Mr. Fernandez was an independent contractor, citing Mr. Fernandez's responses to interrogatories, in which he admitted that there was a contract between Appellees and Mr. Fernandez to remove and repair portions of the sidewalk. Plaintiffs' Rafael Fernandez, Sr., and Olga Fernandez's Answers to Defendants Blanca Del Valle and Santos Del Valle's Interrogatories at ¶ 6. In his deposition, Mr. Fernandez admitted that he was to supervise the work of two other workers who were repairing the sidewalk. Deposition of Rafael Fernandez, 3/7/2014, at 10.

Despite Mr. Fernandez's admissions, Mr. Del Valle's deposition raises factual questions about what role Mr. Fernandez had. Assuming an oral contract, Mr. Fernandez could be an employee, as Mr. Sleece opines. Moreover, the discrepancies between Mr. Del Valle's interrogatory answers and his deposition testimony raise issues regarding his credibility. In light of this contradictory record, the trial court could grant summary judgment only by discounting the professional engineer's expert report, by unilaterally resolving the inconsistencies between Mr. Del Valle's interrogatory answers and his deposition, and by concluding without more that Mr. Fernandez was

an independent contractor. Plainly, this involved credibility-weighing and fact-finding that our Constitution and laws assign to the jury.[4]

Because it engaged in such fact-finding and resolved issues of material fact against the non-moving party, the trial court erred in granting summary judgment. Therefore, we reverse the June 8, 2014 order and remand to the trial court for further proceedings.

In Appellants' second issue, they assert that the trial court erred in granting summary judgment because, assuming *arguendo* that Mr. Fernandez was an independent contractor, Appellees still owed him a duty of care. Because of the disposition of Appellants' first issue, we need not address this issue.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Lazarus joins the memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015

_____

[4] It is evident that the lower court felt strongly about the case, labeling Appellants' claims "baseless" and "ridiculous." Trial Court Opinion, 7/8/2014, at 2, 3.