# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DAVID W. CLENDENNING and ) 
CYNTHIA CLENDENNING, )
)
Plaintiffs, )
)
v. )  C.A. No. N19C-04-123 CLS
)
TOAN NGOC TRAN, TOM W. )
TRAN, and MARLIN D. )
JOHNSON, )
)
Defendants. )

Date Submitted: May 22, 2020
Date Decided: June 5, 2020

*Upon Defendants Toan Ngoc Tran and Tom W. Tran's*
*Motion for Summary Judgment*
**Granted.**

## ORDER

Jonathan B. O'Neill, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill, P.A., Newark, Delaware, Attorney for Plaintiffs.

David C. Malatesta, Jr., Esquire, Kent & McBride, P.C, Wilmington, Delaware, Attorneys for Defendants Toan Ngoc Tran and Tom W. Tran.

**SCOTT, J.**

1

Before the Court is Defendants Toan Ngoc Tran and Tom Tran's Motion for Summary Judgment. For the following reasons, the Tran's motion is GRANTED.

## Background

Toan Tran, David and Cynthia Clendenning, and Marlin Johnson were all traveling westbound in the same lane on Pulaski Highway. Toan Tran drove the first vehicle, owned by his father Tom Tran. The Clendennings were in the second vehicle, which followed directly behind Tran's vehicle. Marlin Johnson drove the third vehicle, which was directly behind the Clendennings' vehicle. Toan Tran stopped his vehicle in the road. The Clendennings also stopped their vehicle. Marlin Johnson rear-ended the Clendennings.

David and Cynthia Clendenning ("Plaintiffs") filed the instant action on April 11, 2019. Plaintiffs alleged Toan Tran and Marlin Johnson operated their vehicles negligently in violation of several provisions of Delaware's Motor Vehicle Code. Plaintiffs alleged Tom Tran was vicariously liable for Toan's negligence under an agency theory of liability.

## Parties' Assertions

Toan Tran and Tom Tran ("The Trans") moved for summary judgment arguing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. The Trans contend that there is no evidence showing that Toan Tran was negligent or that Toan Tran was Tom Tran's agent. Also, the

2

Trans state that Plaintiffs have settled their claims with Defendant Johnson, which, the Trans argue, makes Plaintiffs' claims against the Trans needless. Finally, the Trans ask this Court to award them fees and costs for having to file a summary judgment motion to be dismissed from the instant action. In response, Plaintiffs filed a letter taking no position on the Trans' motion for summary judgment.

## Standard of Review

Under Superior Court Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] Summary judgment will not be granted if material facts are in dispute or if "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances."[2] This Court considers all of the facts in a light most favorable to the non-moving party.[3]

## Discussion

Plaintiffs' complaint alleges Toan Tran was negligent for: i) failing to keep a proper lookout in violation of 21 *Del. C.* § 4176(b); ii) failing to maintain proper control over his vehicle; iii) operating his vehicle in a careless or inattentive manner in violation of 21 *Del. C.* § 4176(a); iv) operating his vehicle at an unsafe speed in

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019).
[3] *Id.*

3

violation of 21 *Del. C.* § 4168; and v) making movements which could not be made safely in violation of 21 *Del. C.* §§ 4133, 4184. Plaintiffs have not presented specific facts supporting these legal allegations; Plaintiffs merely allege that Toan came to an abrupt stop and conclude that this action was negligent because it violates the aforementioned provisions of Delaware law. The Trans, on the other hand, submitted affidavits and transcripts of recorded interviews to support their motion for summary judgment. In a sworn statement, Toan Tran states that he stopped his vehicle because he was approaching a school bus that had its stop signal and stop sign activated.[4] Similarly, in a recorded interview, David Clendenning states that he also saw the school bus's stop sign.[5] Plaintiffs' response to the Trans' summary judgment motion does not dispute that the school bus had its stop sign out and that Toan stopped his vehicle in response to the school bus's signal. Thus, the Court finds that there are no genuine issues of material fact regarding Plaintiffs' claims against Toan.

Both parties agree that Toan stopped his vehicle in response to a school bus's stop sign. Stopping a vehicle in response to a school bus's stop sign is required under Delaware law.[6] Plaintiffs have not shown how Toan acted negligently when he stopped for the school bus. Plaintiffs' complaint stated that Toan acted

---

[4] Defs.' Mot. Summ. J. Ex. 1.
[5] Defs.' Mot. Summ. J. Ex. 2.
[6] 21 *Del. C.* § 4166(d)(1).

4

negligently by abruptly stopping his vehicle. But Toan has provided this Court with a reason for his "abrupt" stop: a school bus. Because Plaintiffs have not alleged another way in which Toan was negligent, the Court finds that Toan is entitled to judgment as a matter of law.

Additionally, Plaintiffs have not demonstrated an agency relationship between Toan and Tom Tran. Although Tom owned the vehicle Toan was driving at the time of the accident, Tom submitted an affidavit stating Toan was not acting as his agent.[7] In contrast, Plaintiffs have not shown this Court *how* or *why* it should find that Toan was Tom's agent. If the owner of a vehicle is not present, there is no presumption of agency merely because a person owns a vehicle that is being driven by another.[8] Because Plaintiffs failed to offer any legal theory demonstrating an agency relationship between Toan and Tom, summary judgment in Tom's favor is proper.

---

[7] Tom submitted this affidavit pursuant to Plaintiffs' valid request under 10 *Del. C.* § 3916 for such an affidavit. Am. Compl. ¶ 3.

[8] *Roach v. Parker*, 107 A.2d 798, 799 (Del. Super. 1954); *see also Scott v. Bey*, 1986 WL 5865, at *2 (Del. Super. Apr. 28, 1986) ("Generally, the owner of a car is not liable for the negligent acts of another using it with his permission, if the owner has reason to believe the user is competent and fit to drive and if there is no agency relationship.").

5

## Conclusion

For the forgoing reasons, the Trans' Motion for Summary Judgment is **GRANTED.** Plaintiffs' claims against Defendants Toan Tran and Tom Tran are **DISMISSED.**

**IT IS SO ORDERED.**

_____

**The Honorable Calvin L. Scott, Jr.**